### GENERAL MOTORS ACCEPTANCE CORPORATION v. JOHNSTON et al.

### No. 4709.

Court of Civil Appeals of Texas. Amarillo.

Feb. 15, 1937.

Rehearing Denied March 29, 1937.

E. H. Foster and Simpson, Dorenfield & Fullingim, all of Amarillo, for appellant.

S. F. Rose and R. A. Wilson, both of Amarillo, for appellees.

JACKSON, Justice.

This is an appeal from a judgment obtained in the county court of Potter county by appellee George Johnston against the General Motors Acceptance Corporation in the sum of $766.58, for the alleged willful and malicious conversion of a Chevrolet automobile.

The judgment is based on the answers of the jury to thirty-two special issues submitted by the court in his main charge, two submitted at the request of appellee, and one at the request of the appellant, and comprise actual damages in the sum of $248, with interest thereon from October 18, 1934, and exemplary damages in the sum of $500.

The appellant urged a general demurrer, nonjoinder of parties by exceptions, and pleaded as a defense a general denial and the provisions and conditions of the written sales contract, by the terms of which the automobile was sold to parties other than appellee.

The transcript contains 121 pages. The statement of facts, burdened with the argument of counsel during the trial, has 287 pages. The appellant presents his contentions in briefs condensed into only 102 pages, while the briefs of appellee are reduced to but 66 pages.

After studying this entire record, we have concluded it is unnecessary in disposing of the appeal to review separately in the opinion the numerous errors assigned.

No complaint is here urged to the issues submitted, and we think the pleadings of appellee and the findings of the jury on agency, and the other fact issues relative to actual damages are sufficient to authorize the appellee to recover the actual damages as found by the jury.

On the issues relative to exemplary damages, the jury found that the agent of appellant was actuated by malice in taking possession of the automobile and refusing to surrender possession thereof to appellee; that such agent was guilty of gross negligence in taking and holding possession of the automobile, and that such acts were oppressive.

The appellant challenges the sufficiency of the testimony to support the findings of the jury on the issues of exemplary damages and to authorize the court in adjudging a recovery thereon.

The record shows conclusively that appellant on March 16, 1934, by written contract, sold to Hillery Hutchison and Anne Hutchison, husband and wife, designated as purchasers therein, the Chevrolet car, claimed to have been converted, for a total price of $853.46, payable $251 in cash, and the balance $602.46 payable to appellant at its office in Oklahoma City in monthly installments of $33.47 each, the first due April 28, 1934, and one due on the same day of each succeeding month until the final installment which was to be equal to the unpaid balance.

This contract among other things provided:

"1. Title to said property shall not pass to purchaser until said amount is fully paid in cash. * * *

"3. In the event purchaser defaults in any payment due on this contract, or fails to comply with any condition of this contract * * * or seller deems the property in danger of misuse or confiscation, or if the purchaser shall without seller's written consent remove the property from the county in which the purchaser resides, * * * the full amount shall be immediately due and payable. * * *

"5. Purchaser shall keep said property free of all taxes, liens and incumbrances; shall not use same illegally, improperly or for hire; shall not remove same from the county in which the purchaser resides at the date hereof, or in which the property is or will be located at time of delivery thereof without written permission of seller; shall not transfer any interest in this contract or said property. * * *

"6. Time is of the essence of this contract, and if purchaser default in complying with the terms hereof, or seller deems the property in danger of misuse or confiscation, seller may take immediate possession of said property without demand * * * and for this purpose seller may enter upon the premises where said property may be and remove same. Seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to purchaser," etc.

The purchasers defaulted on the first installment due April 28th, but some time prior to the next installment, due May 28th, they, by oral agreement, sold their equity in the automobile to the appellee, who, about May 26th, secured the consent of appellant to such sale, and agreed to pay the monthly installments as they came due under the contract. The installment due April 28th, they paid May 26th, and the time for the payment of the installment May 28th was extended to June 15, 1934, but no written transfer or agreement relative to the sale to appellees was ever made.

The Hutchisons and the Johnstons were all residents of Potter county. On June 13th Mrs. Johnston visited the appellant's agent at his office in Amarillo, in company with a lady, the sister-in-law of one Mr. Abel, who had agreed to purchase the car from the Johnstons for his said sister-in-law. The purpose of Mrs. Johnston and this lady in seeing the agent of appellant was to secure his approval to the transfer of the car from the Johnstons to this lady. She was informed, however, by the agent that he could not recommend this sale and transfer, but advised her to consult the Plains Chevrolet Company relative thereto. Mrs. Johnston and the lady went to said Chevrolet Company's place of business, where the car had been left for some slight repairs. In a short while the Plains Chevrolet Company called appellant's agent, who responded promptly, but when he arrived Mrs. Johnston had gone, but Mr. Johnston and Mr. Abel were there and informed the agent that Mr. Abel had agreed to buy the car for his sister-in-law, who, the record indicates, lived in Crane county. In any event, she resided in South Texas. They undertook to secure through appellant's agent its approval

of such sale and transfer, but he declined to recommend such sale, took the key, and repossessed the car, advising Mr. Johnston if the car was to be sold and removed to South Texas, which was out of his territory, he would not recommend any transfer until the entire purchase price was paid. Later Johnston and Abel visited the agent at his office and promised if he would release the automobile, they would be personally responsible for the payment of the unpaid installments as they matured, Mr. Johnston saying if the car was released he would transfer it to the sister-in-law of Mr. Abel and the agent need know nothing about it. The appellant through its said agent refused to approve the sale and refused to release the automobile. Mr. Johnston testified that the agent said: "Everything would have been all right * * * if I was not going to sell the car."

The appellant retained possession of the car, but agreed if the appellees would pay the entire purchase price in cash the car would be released to them. The payment of the balance was not made, and after consulting appellant's lawyers and acting on their advice, he advertised the car for sale as provided in the contract, and a sale thereof was made on October 18, 1934.

There is no testimony in the record other than taking and retaining possession of the car and the sale thereof upon which the findings of malice, gross negligence, and oppression could be based. The agent testified that he was not actuated in his conduct by any ill will or malice, but his entire purpose was to protect the appellant in collecting the purchase price of the automobile.

It is conceded that appellant had acquired for a valuable consideration and in due course of trade the unpaid balance of the purchase price of the car evidenced by the written contract.

The contract provides in effect that if the purchaser fails to comply with any conditions of the contract, the full amount of the unpaid purchase price "shall be immediately due and payable." Among other conditions which matured the contract are the provisions inhibiting the removal of the car from the county of the residence of the purchaser without written consent, and the stipulation against the transfer of any interest in the contract or in the automobile.

■ The maturity of the contract for a failure to comply with the terms thereof do not rest on the election or the option of the owner of the debt, but the contract by its terms ipso facto matures the whole unpaid portion of the purchase price, and a cause of action arises immediately and independently of the exercise by the owner of the debt of any election or option. Cofer et al. v. Beverly (Tex.Civ.App.) 184 S.W. 608, and authorities cited.

■ In view of the inhibitions in the contract against the car's removal from the county or the sale thereof, until the payment of the entire purchase price, and the provisions authorizing appellant to repossess the car and sell it, if such inhibitions were violated, it is our opinion that the findings of the jury on the issues relative to exemplary damages are not supported by the testimony. In Security State Bank of Tahoka v. Spinnler, 78 S.W.(2d) 275, 279, Judge Martin, speaking for this court, says: "We think in any case where there is sufficient ground for an honest difference of opinion upon a given state of facts, especially where it concerns a hazy legal right, the sincere pursuance of a mistaken right by one of the parties cannot thereafter be made the basis of a claim for vindictive damages."

In Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315, 317, it is said: "A power such as may be exercised by juries in awarding exemplary damages is liable to great abuse, —may often lead to great oppression; and there is no class of cases in which the conservatism of the judge should more frequently find field for action. In cases based on facts which merit condemnation, or even punishment, though not by law constituting crime, juries, under commendable impulses, but with judgment warped by passion, no doubt often render excessive verdicts; and, if it be conceded that such verdicts are to stand because the matter was within the discretion of the jury, then we have an absolutism—a despotism— nowhere else found in our form of government. The matter is in the discretion of the jury in the first instance, but it is the duty of the judge to see that this discretion is not abused."

See, also, Coleman v. Moore (Tex.Civ. App.) 69 S.W.(2d) 552, and the authorities therein cited.

The judgment in favor of appellee for actual damages is affirmed. The judgment in his favor for exemplary damages is reversed, and the judgment therefor here rendered in favor of appellant.