## ELLIS OIL CO. et al. v. ADAMS.
### No. 3138.

Court of Civil Appeals of Texas. Beaumont.

Oct. 30, 1937.

Rehearing Denied Nov. 10, 1937.

Howth, Adams & Hart, of Beaumont, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee, Adams, sued the Ellis Oil Company, a corporation, and E. C. Davis, to recover for rents and detention of an oil drilling rig, alleged to have been rented by him to said company, and its detention by appellant, Davis, after the rental contract had terminated. As against the oil company, appellee alleged that he rented the drilling rig and the equipment to the Ellis Oil Company for certain rentals by the month, and its use of said rig and equipment, and failure to pay. For cause of action against appellant, Davis, he alleged that Davis by special contract in writing took over the Ellis Oil Company, and, after taking possession of the properties and operations of said company, refused to pay for the use of said rig and equipment, and refused to deliver the possession of same to appellee; that he finally secured possession of his property, and sued for damages for its use during the

time Davis wrongfully held possession of same.

The Ellis Oil Company answered. It was later dismissed from the suit.

Appellant, Davis, answered by general and special exceptions, general denial, and specially that, if there was any sum due appellee for the use of his drilling rig and equipment, it was owed to him by the Ellis Oil Company. He further specially answered and denied that he had unlawfully withheld from appellee the possession of the drilling rig and equipment in question, but that to the contrary, after he (appellant), took over the property and operations of the Ellis Oil Company, he informed appellee that he could take possession of the property and requested him to remove the same from the premises where they were then situated.

The case was tried to a jury upon special issues which were answered in favor of appellee, and on said answers judgment entered in favor of appellee against appellant in the sum of $545 for rent (value of the use) of the rig and equipment, and the further sums of $50, the value of "two Hughes brake tongs," and $15, the value of "one pair of old Maude brake out tongs" (which the jury found were never returned to appellee); aggregating the sum of $610. Motion for a new trial was overruled, and we have the case on appeal.

■ We overrule appellant's contention that the judgment is erroneous because the evidence shows that appellant was acting merely as the agent of the Ellis Oil Company, and that, if there was any sum due appellee, it was an obligation of the Ellis Oil Company, and not of appellant. The Ellis Oil Company was a Texas corporation endeavoring to develop certain oil leases. It rented a certain drilling rig and some equipment from appellee, Adams, to use in its operations. For the use of the rig and equipment it agreed to pay to Adams certain rentals by the month. It became financially embarrassed and failed to keep the rentals paid. On July 22, 1935, by written contract it turned over to appellant its entire operations and properties, and he took charge of same and undertook to operate in developing the oil leases. The contract follows:

"The State of Texas
"County of Jefferson

"The Ellis Oil Company, First Party, and E. C. Davis, Second Party, have made and do make and enter into the following contract and agreement:

"First Party, pursuant to resolution of the board of directors, has conveyed to the said Second Party a one-ninety-sixth overriding royalty of all of its leases in Orange County, and constituting the Second Party its agent and attorney in fact to convey and execute deeds for all of its leases or any portion thereof, as well as any other property belonging to the First Party, and the full and exclusive management of the business and affairs and drilling operations of the First Party, except as hereinafter provided. It is agreed that there shall be two co-trustees in the persons of Tony Ippolito and Tom Andrus, both of the City of Beaumont, Jefferson County, Texas, and that the approval either or both of said co-trustees shall be secured before any portion or portions of said lease or leases may be sold or conveyed by the Second Party. In the event either or both of the co-trustees shall resign, or for any other reason be unable to serve, another person or persons satisfactory to both parties shall be selected.

"For and in consideration of the foregoing the Second Party agrees to drill, in accordance with the terms and conditions of said leases, a well belonging to the First Party in Orange County to a depth of four thousand feet unless oil, gas, or other minerals is found in paying quantities at a less depth, with funds realized by him from the sale of leases and stock belonging to First Party and to deliver to the said Ellis Oil Company a surety bond conditioned upon a full, fair and accurate accounting for all of the money coming into his hands, the premium on said bond to be paid by the First Party.

"Witness our hands this 22nd of July, 1936.

"Ellis Oil Company.
"By Emet Ward,
"President.
"Ione T. Locke
"Secretary.
"(First Party.)
"E. C. Davis
"Second Party."

The contract was duly acknowledged by the parties.

Upon the execution of the above contract, appellant, Davis, took possession of the properties of the Ellis Oil Company, and proceeded to operate same. In doing

so he took charge of and used appellee's drilling rig and equipment which the Ellis Oil Company set up and was using up to the time it turned its business and operations over to appellant. In his operations Davis testified that he hired the men working for and under him, that he paid them their wages, and, if necessary, discharged them. The Ellis Oil Company did not in any manner exercise any control over the employees performing services in the drilling operations, Davis employed the laborers, paid them, controlled their work in every detail. The Ellis Oil Company was interested only in the result of the undertaking. We think the contract between the oil company and appellant, as a matter of law, shows appellant was an independent contractor. Under all the decisions, the facts show him to have been such. 14 R.C.L. § 8, p. 71; 23 Tex.Jur. §§ 5–7, pp. 545–549; Shannon v. Western Indemnity Co. (Tex.Com.App.) 257 S.W. 522; Edmundson v. Coca-Cola Co. (Tex. Civ.App.) 150 S.W. 273. Cases cited in footnote No. 14, page 548, 23 Tex.Jur.

 Appellant says that he did not refuse to permit appellee to take possession of his drilling rig and equipment. This issue was submitted to the jury, and they found against appellant. We will not undertake to set out any portion of the evidence, but will say that the record shows that appellee made repeated demands for his property and was denied the right to take same. The record amply supports the jury's finding.

 We overrule appellant's contention that the suit was purely one of conversion; that is, that appellee sued appellant for a conversion of his property, and sought to recover for its value. While the term "conversion" is frequently used in the pleadings, still, when considered in their entirety, the suit is one for the value of the use of the property while same was detained by appellant. Appellee did finally succeed in getting possession of his detained property. His suit is not one for the value of the property unlawfully and wholly converted by appellant, but under the pleading, as we understand and construe it, and the facts shown to support the cause of action asserted, the suit is for the value of the use of the property for the time it was unlawfully withheld from appellee. Undoubtedly conversion may consist in the unlawful detention of chattels under an assertion of right inconsistent with the owner's general dominion, and particularly is this true when the detention occurs after demand is made by the owner for its possession. Further, by whatever name one may designate his cause of action, it will be in fact such as the pleading set out as the basis for his suit shows. Here the basis for recovery asserted by appellee was the value of the use of his property while wrongfully detained by appellant. The effect of the wrong was the same whether denominated damages for conversion or for detention. The loss of the use of the property for the time it was detained is the object of recovery. The pleadings of appellee were sufficient to authorize the recovery sought and adjudicated. The law permits one whose property has been converted to sue for the value of the property, or, as here, when the property has been returned, or repossessed by the owner, to receive back the converted property, and then sue for the value of the loss of its use during the period it was wrongfully detained. In the instant case, appellee pursued the latter remedy; that is, repossessed his converted property and sued for damages for the loss of its use during the period its possession was denied him. Baldwin v. G. M. Davidson & Co. (Tex.Civ.App.) 127 S.W. 562, 564; Stalker v. Williams (Tex.Civ. App.) 3 S.W.(2d) 534. The verdict of the jury and consequent judgment are supported by the record.

Numerous other questions are presented by appellant. All of them have been considered, and none of them are thought to present reversible error, and so are all overruled. The judgment should be affirmed, and it is so ordered.

Affirmed.