## ENGLISH v. NICHOLS.

### No. 8937.

Court of Civil Appeals of Texas. Austin.

July 3, 1940.

Rehearing Denied July 24, 1940.

A. M. Felts, Wheeler & Wheeler, and F. A. Tyler, all of Austin, for appellant.

Looney & Clark, Everett L. Looney, and Chas. F. Herring, all of Austin, for appellee.

BLAIR, Justice.

Appellee, F. E. Nichols, sued appellant, English Freight Company, for the conversion of his radio, alleging that its cash market value was $195, and in the alternative, that if it had no cash market value, its actual value was $195 at the time and place of its conversion in Austin, Texas. Appellee recovered judgment in the justice court for $193, and on the appeal to the county court recovered judgment for the same amount; hence this appeal.

Appellant contends:

First. That no conversion of the radio was established, because it was shown to have been taken with the consent of appellee; and there was no proof of demand for its return, nor of refusal of appellant to return it.

Second. That there was no proof of the value of the radio at the time and place of its conversion in Austin, Texas.

The first contention is not sustained, but the second contention is sustained.

Suffice it to say with respect to the first question, that the radio was delivered to appellant at Amarillo for shipment to Austin. It arrived in Austin and was delivered to appellee October 3, 1938. On the same day appellee notified appellant of the damaged condition of the radio, which he claimed to have purchased new in Amarillo on September 27, 1938, and demanded a new radio of the same make in its stead. According to appellee's testimony, appellant took possession of the radio in Austin on October 11, 1938, with his consent, but "with the understanding that they would re-

place it with a new one." On October 21, 1938, appellee wrote appellant a letter asking that "some action be taken to replace the radio." November 1, 1938, appellant replied that an investigation was being made and that appellee would be advised in a few days of the results of the investigation. On November 7, 1938, appellee turned the matter over to his attorney, and thereafter until December 19, 1938, several letters passed between the parties, appellant insisting that it was investigating the matter, and on November 18, 1938, notified appellee that the radio had been repaired and that he should be satisfied with it. Appellee insisted that appellant should replace the radio with a new one, and finally, on December 17, 1938, demanded the return of the radio so that he might determine his procedure in the matter; and the radio not having been returned, appellee filed this suit on January 4, 1939, for its conversion.

These facts bring the instant case within the rule that "conversion may consist in the wrongful detention of chattels under an assertion of right inconsistent with the owner's general dominion, particularly when detention occurs after a demand for possession has been made." 42 Tex. Jur. 512; Adams v. San Antonio Life Ins. Co., Tex.Civ.App., 185 S.W. 610, writ refused; Ellis Oil Co. v. Adams, Tex.Civ. App., 109 S.W.2d 1026, writ dismissed; American Surety Co. v. Hill County, Tex. Civ.App., 254 S.W. 241, approved by Commission of Appeals 267 S.W. 265.

The second contention that there was no proof of the value of the radio in Austin at the time of the conversion is sustained. Appellee alleged that its market value in Austin at the time of its conversion was $195, or in the alternative, that if it had no market value, its actual value was $195. Appellee testified that he purchased the radio new in Amarillo on September 27, 1938; that its purchase price there was $194.50; that he paid $100 on the purchase price; and that a friend or friends paid as a gift to him the remaining $94.50 of the purchase price. Appellant introduced proof that the radio had been repaired for $1.50, and tendered it into both the justice and the county court on the respective trials. The court deducted the $1.50 repair bill from the $194.50 alleged purchase price, and accordingly rendered judgment for appellee for $193. There was no proof as to the value of the radio in Austin, where the alleged conversion took place. Its market

value in Austin may not have been the same as in Amarillo. If appellee's proof had shown that it had no market value in Austin, then under his alternative plea he could recover his actual loss in money to replace a radio of the same make as his measure of damages. That is, what a new radio of the same make would cost in Austin, less what the wear and tear on the radio in suit would have been for the length of time it had been in use. 42 Tex. Jur. 574, § 59, and cases there cited.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.