## JORDAN et al. v. BROAD et al.

### No. 5536.

Court of Civil Appeals of Texas. Amarillo.
March 22, 1943.

Rehearing Denied April 26, 1943.

Ewell H. Muse, Jr., of Austin, for appellants.

Newman & McCollum, of Brady, for appellees.

FOLLEY, Justice.

This is an appeal from an order overruling a plea of privilege of the appellant, Edward W. Jordan, to be sued in Tom Green County, and of the appellant, Highway Insurance Underwriters, to be sued in Travis County, the respective residences of appellants. The appellees, A. H. Broad and his two sons, G. S. Broad and Albert H. Broad, Jr., sued appellants and J. B. Rowe in McCulloch County for damages for the conversion of a Dodge pickup automobile and for the alleged reasonable rental value of the same. J. B. Rowe, who resided in McCulloch County, filed a cross action against the Highway Insurance Underwriters for $164.33 for repairs he made upon the automobile, alleged to have been made at the instance and request of the Highway Insurance Underwriters, and for certain charges for storage of the automobile. The insurance company also filed a plea of privilege seeking to remove the cross action of J. B. Rowe to Travis County. Each of the pleas of privilege was controverted and upon a hearing the court overruled the same.

The Broads and Rowe each attempted to maintain the venue in McCulloch County upon the theory that this is a suit for conversion of personal property in McCulloch County and that by virtue of exceptions 4, 9, and 10 of Article 1995, Vernon's Annotated Civil Statutes, the venue was properly laid in such county.

It appears that the Broads were engaged as partners in selling farm machinery at Brady in McCulloch County. On October 9, 1940, the automobile in question was damaged in a collision with a truck belonging to appellant, Edward W. Jordan, on a highway in San Saba County. Jordan's truck was covered by liability insurance in the Highway Insurance Underwriters. The Broad automobile was being driven by Len F. Cox who was injured in the collision and who collected damages from the insurance company in a settlement some three months after the collision. Shortly after the automobile was damaged, it was brought back to Brady in McCulloch County and stored at A. H. Broad's place of business. The next day the adjuster for the insurance company came to Brady and investigated the damages to the automobile. He obtained the consent

of A. H. Broad to remove the same to the garage of Rowe in Brady for the purpose of having Rowe make an estimate of the cost of repairs. Rowe estimated the repairs at $164.33 and delivered his estimate to the adjuster. The testimony was controverted as to whether such adjuster authorized Rowe to make the repairs but, in the trial of the case, the jury found that Rowe was so authorized. At any rate, Rowe proceeded immediately to make the repairs and completed the same about the last of October, 1940. It is uncontroverted that the Broads did not request nor expressly authorize Rowe to do such work. A. H. Broad consented to the removal of the automobile by Rowe to Rowe's garage for the purpose only of making an estimate of the repairs. Rowe apparently was looking to the insurance company for the payment of his claim. Appellees alleged that the insurance company was acting as the agent of Jordan in this transaction. After the repairs were completed, Rowe refused to deliver the automobile to the owners unless his claim was paid. He made several telephone calls to the insurance company, seeking payment for the repairs. About the middle of January, 1941, A. H. Broad received a draft from the insurance company in the sum of $164.33, dated January 14, 1941, to which was attached an instrument for him to execute releasing the insurance company from all further liability in connection with the transaction. There was testimony to the effect that the delay of the insurance company was due to the fact that it wanted to settle with the driver Cox before paying for the damages to the automobile. Broad refused to execute the release or to cash the draft, claiming that the amount was insufficient to reimburse him for his damages. Rowe, not having been paid for his work, thereupon refused, and still refuses, to deliver the automobile to the owners. Such statement constitutes substantially the essential facts upon the question of venue.

Under the above circumstances, we think it was the duty of the insurance company, immediately upon the completion of the repairs, to pay for the work at the price agreed upon and to see that the automobile was delivered to its rightful owners, and after demand had been made therefor upon Rowe, its agent and joint tort-feasor in the undertaking, the failure to return the automobile, in our judgment, constituted conversion. Jesse French Piano & Organ Co. v. Elliott, Tex.Civ.App., 166 S.W. 29; Roberts v. Yarboro & Wimberly, 41 Tex. 449. It is elementary that where a person has lawfully come into possession of chattels, his subsequent assertion of a right inconsistent with the owner's general dominion constitutes a conversion. 42 Tex. Jur. 518, sec. 12. It is also well settled that the conversion of personal property is a "trespass" within the meaning of Section 9 of the venue statute. Frankfurt v. Grayson, Tex.Civ.App., 80 S.W.2d 486; Bowers v. Bryant-Link Co., Tex.Com.App., 15 S.W. 2d 598; General Motors Acceptance Corporation v. Wilcox, Tex.Civ.App., 95 S.W. 2d 1368. Therefore, under exceptions 4 and 9 of Article 1995, the venue as to all of the parties was properly retained in McCulloch County. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The judgment is affirmed.