**PANOLA MOTOR CO. et al. v. CORBIN.**

No. 15383.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 21, 1952.

Rehearing Denied Dec. 19, 1952.

Tom Bankhead, of Carthage, for appellant.

Fred Whitaker and Ruff Wall, both of Carthage, for appellee.

CULVER, Justice.

Appellee Corbin, on June 20, 1951, purchased from appellant, Panola Motor Company, a used pick-up truck, paying $600 in cash and giving a note for the balance of $975, payable to appellant, Panola Credit Company, and secured by chattel mortgage. On July 12, while the truck was on the premises of Panola Motor Company, where appellee had taken it for repairs, it was "repossessed" by the Credit Company and parked on the used car lot belonging to Panola Motor Company.

Appellee brought this suit against both the Motor Company and the Credit Company for damages, actual and exemplary, maintaining that the defendants and each of them had wrongfully converted the vehicle.

The case was tried to a jury and judgment entered for appellee against both defendants for actual damages in the sum of $1,425, jointly and severally, and against the Panola Credit Company for the sum of $1,000 exemplary damages.

Appellants bring forward the following points of error: (1) The undisputed proof established a violation of the terms of the chattel mortgage agreement which gave the Credit Company the right to repossess the vehicle; (2) that the Panola Motor Company should have been granted an instructed verdict under the testimony; (3) that no exemplary damages should have been allowed against the Credit Company; (4) that there was no competent evidence to prove any verbal agreement as to the true date of the first payment on the note; (5) that appellants' plea in abatement should have been sustained for the reason that the

subsequent purchaser of the vehicle from the Credit Company was a necessary party; (6) that the court erred in overruling exceptions to certain allegations in plaintiff's petition; (7) that the jury panel should have been dismissed by reason of certain prejudicial remarks made by counsel for appellee on the voir dire examination; and (8) certain objections to the court's charge should have been sustained.

Under their first point appellants maintain that the undisputed evidence shows that appellee had "removed" the vehicle into an adjoining county and had "let the vehicle out for hire," in violation of the terms of the chattel mortgage agreement. There was no permanent removal of the vehicle out of the county. The appellee had merely driven the truck into the adjoining county on one or two occasions. In 14 C.J.S., Chattel Mortgages, § 258, the rule is stated: "Even though there is an express provision in the mortgage prohibiting the removal of mortgaged property to another locality, where the mortgage is on such property as a wagon or motor vehicle, in view of the nature of the property, a temporary removal of the property for ordinary purposes is permissible." See authorities cited.

The testimony did not show any rental of the vehicle but merely that the plaintiff was paid additional wages because he was using the truck on the job. It must have been contemplated by the parties that the "pick-up truck" would be put to some kind of industrial or commercial use. The jury found that the vehicle had not been "removed" from the county and that it had not been "let out for hire."

The judgment against the Panola Motor Company, in our opinion, must fail for lack of support in the evidence. Appellee seeks to hold the Motor Company in damages on the theory that it acted in collusion and conspired with the Credit Company to defraud appellee. There were no issues submitted to or findings by the jury to such effect. It is shown that the finance papers were prepared by an employee of the Motor Company; that a cer-

tain individual was a partner in both the Credit Company and the Motor Company; that most of the business done by the Credit Company was the financing of automobiles sold by the Motor Company; that the truck was on the premises of and in possession of the Motor Company at the time the Credit Company took charge of the vehicle, and apparently none of the employees of the Motor Company made any effort to prevent the truck from being taken. These facts, in our opinion, do not warrant judgment against the Motor Company. Each concern was a partnership, separate and distinct enterprises and engaged in different businesses,—one selling automobiles, the other financing sales of automobiles. No authorities are presented by appellee in support of his contention that he is entitled to judgment against the Motor Company.

■■ We believe also that the evidence does not support the award of exemplary damages against the Credit Company. Punitive or exemplary damages are recoverable only after a showing of aggravated circumstances of malice, fraud or gross negligence. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709. The jury found that although the first installment was to be payable one month after date, nevertheless the due date had been left blank and was filled in subsequently so as to fall due on July 6, only fifteen days after date. All of the negotiations leading up to the execution of the note and chattel mortgage were had between the appellee and an employee of the Motor Company. There is no testimony that the manager of the Credit Company ever knew or was put on notice of any such fraud, nor did appellee ever claim, in the several conversations had with the manager subsequent to the repossession of the car, that the first installment was not due on July 6. It can hardly be said, therefore, that the Credit Company was guilty of gross negligence or reckless disregard of the appellee's rights in taking possession of the car through its manager under such circumstances. " * * * in order to render the principal liable for exemplary damages because of the malice of his agent, the evidence must show that he had knowledge of and participated in the malice, or afterwards ratified and adopted or approved the malicious acts." Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W. 2d 216, 225. See cases cited.

■ The judgment for actual damages against the Credit Company must be upheld. The disputed question of fact as to the terms of the agreement respecting the date of the first installment was resolved in appellee's favor, and therefore the repossession was wrongful. General Motors Acceptance Corp. v. Johnston, Tex.Civ.App., 104 S.W.2d 125.

■ Shortly after the filing of this suit by appellee, the Credit Company sold the automobile to one Gulley and now maintains that the case should be reversed because Gulley is a necessary party defendant. This position is not tenable for many reasons, the principal one being that the appellee abandoned any cause of action seeking recovery of the title and possession of the car itself and relied solely on his suit for conversion and damages. On the latter count, the purchaser was neither a necessary nor a proper party. Ellis Oil Co. v. Adams, Tex.Civ.App., 109 S.W.2d 1026.

■ On motion for a new trial, the testimony of witnesses varied as to the alleged prejudicial remarks made by counsel for appellee before the jury panel, and without going into that evidence in detail, it is sufficient to say that, in our opinion, the trial court did not abuse his discretion in overruling the motion based on that ground.

■ We think that certain exceptions addressed to appellee's petition should have been sustained. For instance, the appellee alleges in his fifth amended original petition, " * * * in *desperation* and *dire* need of his truck, (Plaintiff) sought on July 13, 1951, the possession of the pick-up and in *desperation* offered to pay balance due, including insurance premium, cost of registering the vehicle, and wherein plaintiff alleges that said *Frank Rollins informed plaintiff that he was not in business for his health* and would require the full $1,251.-00 * * *." (Emphasis ours). It is quite clear that such allegations serve no useful function. To the contrary, they

would be calculated to create bias and prejudice in the minds of the jury. Under the circumstances of this case, however, we are of the opinion that the error is not of sufficient weight to require a reversal of this cause and to order a new trial. Rule 434, Texas Rules of Civil Procedure.

The objections to the court's charge have been carefully considered and do not reflect any reversible error.

The judgment is therefore reversed and rendered in so far as the Panola Motor Company is concerned, and also in so far as it awards exemplary damages against the Panola Credit Company. The judgment is affirmed against the Panola Credit Company for the amount of actual damages of $1,425 rendered in favor of the appellee.

Costs of this appeal are taxed one-half against Panola Credit Company and one-half against appellee Corbin.