John R. Lee, Kermit, for appellants.

Preston & Tomlin, Pecos, for appellees.

HAMILTON, Chief Justice.

Appellee Rudolph Hoefs brought suit in Reeves County against appellants Norris Shook, T. P. Heyne, M. Sorrel, II, M. J. Heyne, and Sorrel-Heyne & Co., a co-partnership, composed of Norris Shook, T. P. Heyne, M. Sorrel, II, and M. J. Heyne, all residents of Wharton County, Texas, and Clyde Reeves, a transient person whose place of residence was unknown to appellee, for conversion of landlord's interest in 78 bales of cotton.

All appellants filed a plea of privilege, seeking transfer of the cause as against each of them to Wharton County, Texas. Appellee, in his controverting affidavit, sought to maintain venue in Reeves County, Texas, by invoking Subdivision 9, Article 1995, Vernon's Ann.Civ.St. The plea of privilege was tried before the court without a jury. The court overruled appellants' plea of privilege, from which ruling appellants perfected their appeeal.

It is undisputed that Clyde Reeves was a tenant of the appellee Rudolph Hoefs, and that the cotton in question was raised

**Norris SHOOK et al., Appellants,**

v.

**Rudolph HOEFS et al., Appellees.**

**No. 5204.**

Court of Civil Appeals of Texas.

El Paso.

March 27, 1957.

Rehearing Denied May 29, 1957.

by him on appellee's farm under a contract whereby appellee Hoefs was entitled to one-third of the cotton raised. It is also undisputed that appellants took possession of said cotton under a purchase agreement with the defendant Clyde Reeves. Appellants' Points 1 and 2 raised the point that the undisputed evidence shows that appellants were not guilty of a trespass under the meaning of said Subdivision 9, Article 1995, Vernon's Ann.Civ.St. and that appellee failed to prove by the preponderance of the evidence that said appellants were guilty of such a trespass, their contention being that the undisputed evidence shows that appellee had given consent to Clyde Reeves to sell said cotton, and that they received title thereto free of incumbrance. Of course if the appellee had given his tenant, Clyde Reeves, authority to sell said cotton, free of any incumbrance, there would be no conversion. However, when all of the testimony of appellee is taken together, it is clear that such consent as Hoefs gave Reeves to sell the cotton was that same was to be sold subject to his landlord's lien. Furthermore, in connection with the written memorandum between Reeves and the appellants, whereby Reeves agreed to sell the next 200 bales of cotton to appellants at an agreed price, and Reeves' receipt of $8,000 advanced on said purchase contract, tenant Reeves testified that it was agreed between him and appellants that the advance was made against his two-thirds interest only. The record shows that appellee knew nothing about this particular sale to appellants prior to their taking possession; neither did appellants, according to their own testimony, know that Reeves was a tenant of appellee. Consequently, no question of estoppel arises in this case.

Appellee's rights would not have been disturbed had appellants bought this cotton from Reeves subject to appellee's lien. It is said in Adams v. A. A. Paton & Co., Tex.Civ.App., 173 S.W. 546, 548:

"There is no impairment of the security in the mere assignment of the title to the property subject to the lien. Hence a waiver of the landlord's lien is not to be inferred from the mere transfer of the ownership of the property by the tenant, but by the fact that such transfer is made with the understanding that the property is to be appropriated by the purchaser free from the incumbrance."

There is evidence herein that Reeves had no authority to sell the cotton free of incumbrance, and that he made no such sale. The court, by overruling the plea of privilege, impliedly found that there was a conversion of appellee's interest in said cotton, and that Subdivision 9, Article 1995, V.A.T.S. controls the venue. The record justifies such finding.

We affirm the judgment of the trial court.

McGILL, J., not participating.