**Kenneth FISHER, d/b/a the East Texas Auto Auction, Appellant,**

**v.**

**H. C. ELKINS et al., Appellees.**

**No. 7789.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 13, 1966.

Rehearing Denied Dec. 27, 1966.

W. G. Walley, Jr., Beaumont, for appellant.

Howard Carney, Jr., Carney & Mays, Atlanta, for appellees.

DAVIS, Justice.

A venue case. Plaintiff-appellees, H. C. Elkins, E. T. Elkins and H. C. Partain, doing business as Elkins Used Cars, in Cass County, Texas, sued defendant-appellant, Kenneth Fisher, a resident of Jefferson County, Texas, and defendants East Texas Auto Auction, Inc., and W. C. Perry, for the possession of two 1964

Oldsmobile cars. Appellees alleged that Perry, a resident of McAllister, Oklahoma, came to their place of business in Atlanta, Texas, with the apparent intention of purchasing the cars. They alleged that he did through fraudulent misrepresentation acquire possession of the cars and carried them back to the State of Oklahoma. That appellees drew drafts on Perry for the cars with the certificates of titles attached. The drafts were returned marked "no attention". They further alleged that Perry sold the cars to defendants Fisher and The East Texas Auto Auction; that Fisher and East Texas Auto Auction did not obtain legal or valid titles to the same; and, that they had knowledge, or should have known of the improper action by the defendant Perry in securing fraudulent titles in the State of Oklahoma.

Kenneth Fisher filed a plea of privilege. The plea was controverted. The venue hearing was before the court who overruled the plea of privilege. Fisher has perfected his appeal and brings forward two points of error.

By the first point, appellant says the trial court erred in overruling his plea of privilege for the reason that appellees wholly failed to allege any factual grounds rendering applicable any statutory exceptions to the basic statutory rule that no person who is an inhabitant of this State shall be sued out of the county of his domicile. Appellees allege that Perry was a resident of Oklahoma, that the cars had been fraudulently acquired, that the cars had been transferred to appellant; that appellant had knowledge, or should have had knowledge of the fraudulent acquisition of the cars by Perry. Appellees sued for possession of the cars, or their value. The allegations are sufficient to sustain venue in Cass County, Texas, and were proved before the court. Perry, being a resident of the State of Oklahoma, could be sued in Cass County, Texas. Art. 1995, Sec. 3, Vernon's Ann.Rev.Civ.St. Since this is a suit for the possession of property,

the appellant is a necessary party to the suit. Pioneer Building & Loan Association v. Gray (Tex.Com.App.1939), 132 Tex. 509, 125 S.W.2d 284. Since appellant is a necessary party to the suit, it seems that the pleadings are sufficient to support the judgment of the trial court. Therefore, appellant can be sued in Cass County, Texas, by virtue of Art. 1995, Sec. 3, and Sec. 29a, V.A.R.C.S. Clingingsmith v. Bond (1951), 150 Tex. 419, 241 S.W.2d 616. The point of error is overruled.

By his second point, appellant says the trial court erred in overruling his plea of privilege for the reason that appellees wholly failed to establish by competent evidence any fact, or facts, rendering applicable in the statutory exceptions to the basic statutory rule that no person who is an inhabitant of this State shall be sued outside of the county of his residence. A careful examination of the Statement of Facts, shows the appellees proved the purported sale of the cars to Perry; that Perry took said cars to Oklahoma; that he secured bogus certificates of title; that he transferred the cars to appellant; that appellant knew, or should have had knowledge of the fraudulent transfer of the cars from Perry to appellant; that appellant knew that appellees had the original certificates of title; that appellees knew that appellant had purchased the cars and either had possession of same, or had disposed of same; that appellant told appellees that he would "work something out", in regard to the cars; that Perry is a resident of the State of Oklahoma; that appellant told appellee that he "would see that nothing happened to the cars; and, that appellant would see that they got their money." By way of admissions, appellant admitted that he had talked with Perry concerning the purchase of the cars; and appellant admitted purchasing said cars.

It seems that all the facts necessary to be proved in a venue case were proved in this case. Under the pleadings, and facts proved, the case is properly maintainable in Cass County, Texas. Art. 1995, V.A.R.

C.S., Secs. 7 and 9, and 29a. Although the following authorities are not exactly in point, they, in effect, hold that this decision is correct. McDonald v. Peebles (CCA 1954), 267 S.W.2d 476, n.w.h.; Stripling v. Hoing (CCA 1947), 203 S.W.2d 1016; Shook v. Hoefs (CCA 1957), 302 S.W.2d 446, n.w.h.; Tanner v. Jackson (CCA 1952), 246 S.W.2d 319, n.w.h.; Pacific Finance Corporation v. Crouch (CCA 1951), 243 S.W.2d 432, n.w.h. The point is overruled.

The judgment of the trial court is affirmed.