Richard F. LOOMIS and Loomis Land & Cattle Company, Inc., Appellants,

v.

John D. SHARP, Appellee.

No. 8255.

Court of Civil Appeals of Texas, Texarkana.

Jan. 7, 1975.

Rehearing Denied Jan. 28, 1975.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

Jim Ammerman, Kirkpatrick, Grant, Dennis & Ammerman, Marshall, for appellee.

CORNELIUS, Justice.

This is a venue case. In 1966 Ilar Osborn and D. D. Wood, owners of the ABC Ranch, executed a letter agreement with appellee John D. Sharp, providing that Sharp was assigned an undivided one-third interest in said ranch. Apparently, no recordable assignment or deed was ever delivered to Sharp, and his interest was therefore not shown of record. Sharp had lived on and worked the ranch for Osborn and Wood for several years prior to the execution of the letter agreement and he continued to do so after its execution. In 1970 or 71, Sharp met R. F. Loomis, Jr., President of Loomis Land & Cattle Company, a corporation headquartered in Dallas. Loomis inquired about purchasing the ranch. Sharp indicated that the purchase could be arranged but stated that he had two partners who needed to be in on any sale. Apparently, Loomis ultimately acquired Osborn's and Wood's interest in the ranch, but Sharp, not being a record owner, was not included in the transaction. Loomis also purported to puchase all of the cattle and equipment on the ranch, and he took a

bill of sale signed by *Osborn*, describing such personalty, including a 1970 Ford pickup truck which the proof showed was *wholly owned by Sharp*. Loomis Land & Cattle Company began operations on the ranch with Sharp as foreman. Relations between Loomis and Sharp began to deteriorate, and in February of 1972, Loomis ordered Sharp off the ranch and warned him not to return. In spite of the warning, Sharp did return later in an attempt to regain possession of his pickup, but he found that the locks had been changed on all the gates and he never succeeded in obtaining possession of the truck. Sharp then filed suit against Osborn, Wood and the ABC Ranch. In his petition he alleged that Loomis had actual knowledge of his interest in the ranch, and he sought to impose a constructive trust on the real property. He also sought damages for conversion of the cattle and the farm and ranch equipment. Loomis Land & Cattle Company filed its plea of privilege to be sued in Dallas County. Sharp's controverting affidavit alleged that venue in Harrison County was proper under numerous subdivisions of Article 1995, Vernon's Tex.Rev.Civ. Stat.Ann., but at the hearing, he relied solely upon the conversion of the pickup truck in Harrison County to sustain venue under subdivision 9.

Sharp proved that he owned full title to the truck and that it was registered in his name. He offered evidence tending to show that Loomis knew the status of the title registration, and that although he was familiar with the Certificate of Title Act he never personally attempted to secure a transfer of the title. At one time, Loomis' attorney approached Sharp about signing over the title, but Sharp refused, asserting that no one had paid him for the truck.

The appellants produced the bill of sale *signed by Osborn* purporting to convey to Loomis all the farm and ranch equipment, including the pickup truck. In addition they proved that Sharp had made an inventory of all of the farm and ranch equipment which listed the pickup truck, and that a copy of this inventory was mailed to Loomis. On cross-examination, Sharp admitted that it was the intention of Loomis to buy all of the farm and ranch equipment.

The District Court overruled the plea of privilege. Appellants assert that such action was error and that venue was not sustained in Harrison County because (1) conversion was not the "gist" of the suit, but only an incident thereof; (2) the evidence did not show a conversion, but only an incompleted or imperfect sale; and (3) Sharp's acquiescence in Loomis's possession of the truck for eighteen months under the sale arrangement negated a conversion.

■ Findings of fact and conclusions of law were neither requested nor filed. Under these circumstances we are required to affirm the judgment if it is supported by sufficient evidence upon any lawful theory raised by the pleadings. We have concluded that the judgment of the District Court was correct and should be affirmed.

■ Although conversion of the personal property was not the entire cause of action pleaded by appellee, it was a significant part of it. In paragraph three of the petition appellee sought to recover forty thousand dollars for his "interest in the said realty", and in paragraph four he sought to recover an additional forty thousand dollars for the conversion of his pickup truck and the remainder of the personal property, in which he claimed an undivided interest. This action, therefore, did not come within the rule applied in Adamson v. Hexter, 68 S.W.2d 568 (Tex.Civ.App. San Antonio 1934, no writ) and Henson v. Henson, 181 S.W.2d 285 (Tex.Civ.App. Austin 1944, no writ), where conversion is said to be insufficient to sustain venue under subdivision 9 when it is only an "incident" of another cause of action.

■ The conversion of personal property, or an undivided interest therein,* is a "trespass" within the meaning of subdivision 9 of Article 1995, Vernon's Tex.Rev. Civ.Stat.Ann. Geary v. Word, 259 S.W. 309 (Tex.Civ.App.Amarillo 1924, no writ); Ward v. Odem, 153 S.W. 634 (Tex.Civ. App.San Antonio 1913, no writ); Watson v. Hernandez, 374 S.W.2d 326 (Tex.Civ. App.Amarillo 1963, writ dism'd); Shook v. Hoefs, 302 S.W.2d 446 (Tex.Civ.App.El Paso 1957, no writ); Mathews v. Ryan, 320 S.W.2d 44 (Tex.Civ.App.Amarillo 1958, no writ). Proof that a portion of the property was converted in the county of suit is sufficient to sustain venue in that county for conversion of all of the property. Bowers v. Bryant-Link Company, 15 S.W.2d 598 (Tex.Comm'n App.1929); Amberson v. Wilkerson, 285 S.W.2d 420 (Tex.Civ.App.Austin 1955, no writ).

■ In this case there was adequate proof of conversion. Whether it be considered that appellants' possession of the pickup was under a contract with Osborn and Wood which did not bind appellee, or under an executory contract with appellee which had been rescinded, the refusal to permit appellee to recover the vehicle when he had the right to do so would justify a finding of conversion. Jordan v. Broad, 170 S.W.2d 655 (Tex.Civ.App.Amarillo 1943, no writ); Youree v. Bradley, 275 S.W. 410 (Tex.Civ.App.Amarillo 1925, no writ); Uvalde Nat. Bank v. Dockery, 83 S.W. 29 (Tex.Civ.App.1904, no writ); Hill v. Childers, 268 S.W.2d 203 (Tex.Civ.App.Waco 1954, writ ref'd n.r.e.); and compare Hickman v. Alldridge, 21 S.W.2d 341 (Tex.Civ. App.Eastland 1929, no writ). Likewise, if the arrangement here amounted to a mere bailment of the pickup, the wrongful detention of the vehicle after termination of the bailment would be a conversion. English v. Nichols, 142 S.W.2d 534 (Tex.Civ.App. Austin 1940, no writ).

■ Ordinarily, for one lawfully in possession of a chattel to be a converter there must be a demand for return of the chattel and a wrongful refusal, but such formal demand and refusal are not necessary when the circumstances and the acts of the possessor authorize a finding, as they do here, of a clear repudiation of the owner's rights and are tantamount to a refusal after demand. J. C. Presley v. T. Cooper, 284 S.W.2d 138 (Tex.1955); Gaw v. Bingham, 107 S.W. 931 (Tex.Civ.App.1908, no writ); Meador v. Wagner, 70 S.W.2d 794 (Tex.Civ.App.El Paso 1934, writ dism'd).

■ The fact that appellants took a bill of sale from Osborn covering the pickup, and had even paid him for it, avails them nothing. One who buys personal property must at his peril ascertain the true ownership, and if he buys from one who has no authority to sell, his possession of the chattel in denial of the owner's right is a conversion. Nunn v. Padgitt, 161 S.W. 921 (Tex.Civ.App.Dallas 1913, no writ); Parker v. Kangerga, 482 S.W.2d 43 (Tex.Civ. App.Tyler 1972, no writ).

The evidence adduced at the hearing of the plea of privilege in this case was sufficient to authorize the court to find that appellants converted appellee's pickup truck in Harrison County, Texas, and that venue was therefore properly sustained under subdivision 9 of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann.

The judgment of the District Court is affirmed.

ON MOTION FOR REHEARING

Appellants contend that, since under Rule 385(e), Texas Rules of Civil Procedure, it is not mandatory that the trial court file findings of fact and conclusions of law in appeals from interlocutory orders, the usual presumptions in support of the judgment in the absence of such

---

* Friemel v. Crouch, 189 S.W.2d 764 (Tex. Civ.App.Amarillo 1945, writ ref'd w. o. m.); Grabes v. Fawcett, 307 S.W.2d 311 (Tex. Civ.App.Texarkana 1957, no writ).

findings and conclusions do not apply in such cases. Our courts, however, have repeatedly held to the contrary. See McDonald's Tex.Civ.Prac. Vol. 4, Sec. 16.10 Note 81; National Surety Corporation v. Moore, et al, 455 S.W.2d 362 (Tex.Civ. App.Dallas 1970, no writ); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); Adams, et al v. Corbin, et al, 301 S.W.2d 209 (Tex.Civ.App.Texarkana 1957, writ dism'd); Buckner & Sons v. Allen, 272 S.W.2d 929 (Tex.Civ.App.Austin 1954, writ dism'd); Texas Securities Corporation v. Peters, 463 S.W.2d 263 (Tex.Civ.App. Fort Worth 1971, no writ); American Insurance Association, et al v. Smith, 439 S.W.2d 418 (Tex.Civ.App.Texarkana 1969, no writ); Reynolds-Land, Inc. v. Raleigh, et al, 435 S.W.2d 255 (Tex.Civ.App.Texarkana 1968, no writ); Holiday Lodge Nursing Home, Inc. v. Huffman, 430 S.W.2d 826 (Tex.Civ. App.Texarkana 1968, no writ); Arnold H. Broner & Company v. Hidalgo County Water Control & Improvement District No. Six, 371 S.W.2d 932 (Tex.Civ.App. San Antonio 1963, writ dism'd); Burke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 346 S.W.2d 663 (Tex.Civ.App.San Antonio 1961, no writ); Rawlins, d/b/a Rawlins Trailer Sales v. McIntyre, 330 S. W.2d 524 (Tex.Civ.App.Texarkana 1959, no writ); Yearwood, et al v. Nichols, et al, 230 S.W.2d 313 (Tex.Civ.App.El Paso 1950, no writ); Hill v. Connors, et al, 219 S.W.2d 587 (Tex.Civ.App.Amarillo 1949, no writ).

■ It is also contended that appellee did not plead ownership of the personalty as required in conversion cases. The petition did not plead ownership in explicit terms, but it did allege that appellee owned an interest in the ranch, and that the equipment described in the exhibits was located on the ranch, and that such equipment was unlawfully converted " . . . to plaintiff's damage . . . ". No special exception was leveled at the petition, nor was any objection made to the proof of ownership. In these circumstances, sufficient facts were alleged to constitute an averment of ownership. See Veck v. Holt, 71 Tex. 715, 9 S.W. 743 (1888); Tillman v. Fletcher, 78 Tex. 673, 15 S.W. 161 (Tex.1890).

The motion for rehearing is overruled.