CONLEE SEED COMPANY, Appellant,

v.

Ray BRANDVIK et al., Appellees.

No. 8520.

Court of Civil appeals of Texas, Amarillo.

Aug. 18, 1975.

Rehearing Denied Sept. 8, 1975.

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Fike & Hunter, King Fike, Dalhart, for appellees.

ROBINSON, Justice.

Plaintiffs, Ray Brandvik, Velma Wyatt and Marguerite Fike, brought suit in Sherman County, Texas, against defendant, Conlee Seed Company, a private corporation with its principal office in Waco, McLennan County, Texas, alleging a conversion of 52,071 pounds of maize. Conlee filed its plea of privilege. Plaintiffs filed a controverting plea alleging that the grain was converted in Sherman County and seeking to maintain venue under Exceptions 9 and 23 to Tex.Rev.Civ.Stat.Ann., art. 1995 (1955). The trial court overruled the plea of privilege. Defendant appeals contending that there is no evidence that a conversion occurred in Sherman County or that a cause of action or a part thereof arose in Sherman County. Reversed and rendered.

Brandvik was the only witness. The evidence shows that Brandvik, as "grower", and Marguerite Fike and Velma Wyatt, as "Landowners", entered into a contract with defendant Conlee as "Buyer" to grow seed maize for Conlee.

The contract provides that it shall be binding upon the parties to it when it is fully executed and delivered to Buyer at its office in Waco, McLennan County. Under its terms delivery of the harvested seed is to be made by Grower at the turnrow on the farm. The following sections deal with the purchase and payment for the seed by the buyer:

"2. (e) Buyer shall also purchase and pay for such seed grown hereunder and found acceptable by it at Waco, McLennan County, Texas, upon delivery by Grower as hereinafter set forth.

"7. (c) payment will be made on a clean seed basis only.

(d) Price Per Pound of Seed Row. Special Terms *$5.00/cwt Clean Seed Basis. Lubbock Grain Exchange,* *Local market grain at harvest. Balance March 15th, 1973."*

Provisions concerning acceptable and unacceptable seed are as follows:

"5. ACCEPTABLE SEED: Buyer in its sole discretion shall determine what seed is acceptable hereunder, which seed shall meet the following requirements:

(a) It shall be free from noxious weeds and objectionable plants; (b) it shall be good quality as shown by the growout tests; (c) it shall meet a germination test of 80% or better; (d) it shall have moisture content of less than 13%."

"10. UNACCEPTABLE SEED: All seed harvested from the pollinator rows on the above described land, together with any and all seed grown hereunder which shall be turned down by Buyer as unacceptable, shall be hauled by Grower to the elevator or used for feed and under no circumstances shall either the grain harvested from pollinator rows or such unaccepted grain be sold for seed."

The harvested grain was delivered to Conlee on the highway at the land. At no time did Conlee say that the seed was unacceptable or that it was rejecting any part of it. With the permission of Brandvik it was taken out of Sherman County to Plainview, in Hale County. The advance payment of $7,933.26 representing the $2.85 cwt local grain market price at harvest, was paid by Conlee. After the grain was cleaned in Plainview a written accounting and checks for the balance shown to be due were sent to plaintiffs. Plaintiffs refused to accept the checks as final payment of the account. The balance due was computed as follows beginning with the 278,360 pounds delivered at the land.

| | |
|---|---|
| 278,360# | Bulk |
| less 11,329# | Moisture loss |
| 267,031# | Net Weight |
| less 52,071# | Processing loss |
| 214,960# | Clean seed at 5.00 cwt = $10,748.00 |
| | Less advance payment 7,933.26 |
| | Total Due $ 2,814.74 |

According to Brandvik the 52,071 pounds processing loss or clean out consists of cracked seed and some trash. He called Plainview and asked that the clean out from his seed be separated off by itself so that he could look at it. He was told that this could not be done. When the dispute arose over the accounting he was told by Conlee that they had settled the account and that was all there was to it.

Plaintiffs contend that by virtue of these facts, Conlee converted 52,071 pounds of unacceptable maize, in Sherman County, Texas.

■ A conversion of personal property is a "trespass" within the meaning of Subdivision 9, Tex.Rev.Civ.Stat.Ann., art. 1995, which provides that a suit based upon a trespass may be brought in the county in which the trespass was committed by defendant. *Jordan v. Broad,* 170 S.W.2d 655 (Tex.Civ.App.—Amarillo 1943, no writ).

■ A conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex.1971). Thus, there can be no conversion by the taking of property where the owner has expressly or impliedly consented to the taking. *Castro Cooperative Gin Company v. Harrison,* 272 S.W.2d 538 (Tex.Civ.App.—Eastland 1954, no writ). But where a person has lawfully come into possession of chattels his subsequent assertion of right, inconsistent with the owner's dominion, constitutes a conversion. *Jordan v. Broad,* supra.

■ The record contains no evidence of a conversion by Conlee in Sherman County. Conlee was rightfully in possession of the entire 278,360 pounds of bulk seed delivered to it and had permission of plaintiffs to take the entire 278,360 pounds of seed out of Sherman County. The conversion, if there was a conversion, occurred in Hale County. See *Henderson Grain Co. v. Russ,* 122 Tex. 620, 64 S.W.2d 347 (1933). Therefore, plaintiffs cannot maintain venue in Sherman County under Exception 9 of the venue statute.

Plaintiffs also seek to maintain venue in Sherman County under Exception 23, Tex. Rev.Civ.Stat.Ann., art. 1995. Exception 23 provides that a suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose. Plaintiffs contend that the contract between the parties was made in Sherman County and in part performable in Sherman County and that, therefore, the cause of action in part arose in Sherman County.

■ We find that plaintiffs do not allege a cause of action for breach of contract. They sue in tort for conversion. Plaintiffs may not rely on a cause of action which they have not alleged to maintain venue. The burden is on the plaintiffs to allege and prove the facts they rely upon to bring their case within an exception to the general venue rule. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945). In any event the contract by its own terms was made in McLennan County and there is no allegation of a breach of any obligation to be performed in Sherman County.

We conclude that there is no evidence of venue facts bringing the cause of action within Exception 9 or 23. We do not find that venue is maintainable in Sherman County under any other exception to the venue statute.

The judgment of the trial court is reversed and judgment is rendered transferring the cause to the District Court of McLennan County, Texas.