James W. HOFFMAN et al., Appellants,

v.

John WALL, Appellee.

No. 8760.

Court of Civil Appeals of Texas, Texarkana.

June 10, 1980.

Rehearing Denied July 15, 1980.

Wayne Shirley, Denison, for appellants.

Dean Carlton, Dallas, for appellee.

RAY, Justice.

This is a conversion case. Appellants (plaintiffs), James W. Hoffman and Max Lawson, brought suit against appellee (defendant), John Wall, seeking damages for the alleged conversion of several pieces of printing equipment and related items of personal property which appellants had stored in appellee's building. Appellee Wall pleaded the affirmative defenses of abandonment and limitations. The jury, in answer to special issues, found that Wall had converted appellants' property and found the value of Hoffman's property to have been $19,000.00 and Lawson's property to have been $14,000.00. The jury found against Wall on his defense of abandonment, but found that Hoffman and Lawson had failed to exercise continuing diligence to serve Wall within the two year limitation period pursuant to Article 5526, Tex.Rev. Civ.Stat.Ann. Based on this last jury finding, the trial court entered a take nothing judgment in favor of Wall. Hoffman and Lawson have perfected their appeal and submit one point point of error for our consideration.

The single point of error is as follows: "The Trial Court erred by entering a take nothing judgment in favor of Appellee Wall for the reason that neither the record nor the verdict conclusively establish the affirmative defense of limitations pleaded by Appellee, said defense having been waived by Appellee because of his failure to submit a special issue to establish the date of accrual of Plaintiffs' causes of action."

The judgment of the trial court will be affirmed.

Appellant Hoffman was the operator of the Acme Color Art Printing Company located in Savoy, Texas. Hoffman secured a loan from the Small Business Administration (SBA) to construct a building and to purchase equipment to begin operations. In 1970, Acme went out of business and in 1971 the SBA foreclosed on the building and the equipment in which it held a security interest. In February of 1974, the SBA sold the equipment and the building at public auction to Ervay Salvage Company, Inc. of which Wall was a stockholder. Hoffman had some equipment in the building against which there was no lien. Appellant Lawson purchased two pieces of equipment at the auction.

There is conflicting testimony as to whether the parties reached an agreement about storing the equipment in the building. However, it is undisputed that the property of the appellants remained in the building after the February 1974 sale and

no storage fee was ever charged or paid. Wall testified that he advised the appellants on the day of the sale to remove their merchandise. He further testified that the building was cleaned out in June of 1974.

Hoffman testified that he visited the building in July of 1974, but found it to be locked so that he could not determine if his equipment was still inside. He claims that he did not discover that property was missing until February of 1975. This information was relayed to Lawson shortly thereafter. Hoffman's inconsistent testimony reveals that he either made demand for the return of his printing equipment in March of 1975 or at some date after March of 1975. Lawson testified that demand was made sometime between March and June of 1975.

■ The two year statute of limitations, Article 5526, Tex.Rev.Civ.Stat.Ann., prescribes that an action based on a theory of wrongful conversion must be ". . . commenced and prosecuted within two years after the cause of action shall have accrued, . . .". As a general rule, the initial burden of proof was upon appellee to show when the appellants' causes of action accrued in order to demonstrate that the statute of limitations was applicable as a bar to their claim. *Naylor v. Gutteridge*, 430 S.W.2d 726 (Tex.Civ.App. Austin 1968, writ ref'd n. r. e.). Furthermore, a question may exist as to whether the action was "commenced" and "prosecuted" within the two year limitation period under Article 5526. It is well established that the mere filing of a suit will not interrupt or toll the running of a statute of limitation. *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180 (Tex.1970). The Supreme Court in *Rigo* held that in order to interrupt the running of the limitation statute, the use of diligence in procuring the proper and effective issuance and service of citation is required.

In the present case, it is undisputed that the appellants knew that their property was gone in February of 1975. Suit was timely filed on November 21, 1975. However, the record shows that Wall was not served until some 16 months later on April 18, 1977. If the action accrued in February of 1975, then limitations had run on the appellants' causes of action because suit had not been timely "commenced" and "prosecuted" within two years, i. e., by February 1977. The jury, in response to the only issue submitted on this defense, found that the sixteen month delay constituted a failure to exercise continuing diligence to serve Wall. There was no issue submitted relative to the accrual date. Appellants argue that appellee's failure to submit such an issue constitutes a waiver of his limitations defense under Rule 279, Tex.R.Civ.P.

■ It is clear in Texas law that under the "cluster of issues" principle stated in Rule 279, when a ground of recovery or defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted and answered by the jury and one or more of such issues are omitted, without objection by the party complaining of the judgment, then the omitted issue, if raised and supported by the evidence, must be deemed as found by the trial court in such a manner as to support its judgment. *Kirk v. Standard Life and Accident Insurance Co.*, 475 S.W.2d 570 (Tex.1972); *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940).

The threshold question, therefore, is whether there is sufficient evidence to presume that the accrual date was more than two years prior to the date Wall was served with citation.

Appellants argue that in a conversion case, where the defendant's original possession of the property is not wrongful, the cause of action accrues when return of the property is demanded and refused. *Taylor v. Walston & Co., Inc.*, 502 S.W.2d 613 (Tex. Civ.App. Dallas 1973, writ ref'd n. r. e.). However, our Supreme Court in *Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138 (1955), held the following:

"... Such a demand and refusal are merely evidence of a conversion, and where a conversion by the bailee cannot

otherwise be shown than by his refusal to comply with the demand for possession, such a demand and refusal are necessary. But they are not necessary if the other evidence establishes an act of conversion. . . ."

Likewise, this Court held in *Loomis v. Sharp*, 519 S.W.2d 955 (Tex.Civ.App. Texarkana 1975, writ dism'd), that formal demand and refusal are not necessary when the circumstances and acts of the possessor authorize a finding of a clear repudiation of the owner's right and are tantamount to a refusal after demand.

■ Here, both appellants knew that the property was gone in February of 1975. This constitutes sufficient evidence of notice that an act of conversion had occurred and serves as the accrual date. No formal demand and refusal were necessary. *Presley v. Cooper*, supra; *Loomis v. Sharp*, supra.

■ We hold there was sufficient evidence in the record for the trial court to have concluded that the cause of action accrued more than two years from the date that Wall was served with citation and under Rule 279 this Court presumes that the omitted issue was found by the trial court in such a manner as to support the judgment. The appellants offered no evidence to explain their failure to timely serve Wall, as was their burden. *Williams v. Houston-Citizens Bank & Trust Co.*, 531 S.W.2d 434 (Tex.Civ.App. Houston—14th Dist. 1975, writ ref'd n. r. e.); *Selman v. Lynch*, 461 S.W.2d 452 (Tex.Civ.App. Tyler 1970, writ ref'd n. r. e.).

Appellants' single point of error is overruled.

The judgment of the trial court is affirmed.