### ADAMS v. WHATLEY.
### No. 14958.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 10, 1948.

Rehearing Denied Oct. 8, 1948.

886

Hill, Paddock & Langdon and Burton B. Paddock, all of Fort Worth, for appellant.

Hyder & Honts and Jno. B. Honts, all of Fort Worth, for appellee.

HALL, Justice.

This appeal is from an order of a district court of Tarrant County, Texas, overruling appellant's plea of privilege on the 6th day of April, 1948, in a case wherein appellee O. R. Whatley sued appellant H. H. Adams, a resident of Williamson County, Texas, and Jack Rhoten, of Tarrant County, Texas, alleging that he, Whatley, was the owner of 55 head of cattle and had engaged the defendant Rhoten as a carrier to transport such cattle to New Orleans, Louisiana; that said defendant Rhoten took the cattle into his possession at Fort Worth, Tarrant County, Texas for the purpose of transporting the same to

said destination. That the value of the cattle was $3869.06. That said defendant Rhoten placed said cattle with his agent or employee, Albert W. Finch, Jr., and that said Finch in the course of his employment did maliciously at Fort Worth, Tarrant County, Texas, steal, embezzle, appropriate and convert said cattle to his own use and that he did further sell said cattle to appellant, H. H. Adams, in Williamson County, Texas, doing business as Georgetown Community Sale, and that said appellant did receive and accept said cattle and exercised ownership of each and all of them and did then and there appropriate said cattle to his own use. Appellee's petition, which is made a part of the controverting affidavit, states further: "That the defendants and each of them jointly and severally appropriated each and all of the said 55 head of cattle belonging to this plaintiff and either have the same in their possession or have disposed of same and are joint tort feasors in depriving this plaintiff of all of said cattle, and that the said Albert W. Finch, Jr., the agent and/or employee of the defendant Rhoten, appropriated said cattle at Fort Worth in Tarrant County, Texas." Appellee's petition further recites even though he made demand upon the two defendants, namely Adams and Rhoten, they have neither delivered the cattle to him nor paid him the value of same. He prays for the return of said 55 head of cattle to him and in the alternative he have judgment for the market value thereof against both defendants, jointly and severally.

In appellant's point No. 1 he challenges the validity of the trial court's action in overruling his plea of privilege and holding that such suit as to him should be maintained in Tarrant County, Texas regardless of whether such holding was based on subdivision 4, 9, or 29a of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 9, 29a.

His contention in support of such argument is that a commodity carrier such as Rhoten is an insurer and is liable for his damages to the shipper for failure to deliver the shipment and that shipper's suit against the carrier is based on contract and not on tort. He further argues that an employer, or the carrier in this instance, is not responsible for the tort of his employee because said act of theft was not within the scope of employment and therefore defendant Rhoten's liability to appellee should not be based upon a tort committed by his employee Finch, Jr., but can only be based upon the contract; therefore Rhoten could not be a joint tort-feasor with appellant Adams but if it be found that they are both tort-feasors, then, in that event, they should not be joint tort-feasors because there was no pleading nor proof to the effect that Rhoten and Adams participated in a concerted action to commit a common tort but on the contrary such parties acted independently and there was no concert of action or unity of design between them.

Appellee contends in his argument that appellant's plea was properly overruled by the court for the reason that he alleged in his petition that the cattle were unlawfully in Tarrant County stolen from him by the agent of the defendant Rhoten while in the scope of his employment, and that he, appellee, sued the defendants jointly and severally because his cause of action grew out of one single transaction, to-wit, the theft of his cattle and that his cause of action against both defendants is the same and/or is such a cause of action against the resident defendant which is so intimately connected with the cause of action alleged against the nonresident defendant that the two should be joined under the rule intended to avoid multiplicity of suits.

We find the record discloses that defendant Rhoten lives in Tarrant County, Texas, where the suit is pending and that appellee proved a cause of action against said resident defendant; that the testimony shows that Georgetown is neither on the road nor in the same direction toward the road that leads from Fort Worth to New Orleans, Louisiana, and that the resident defendant's employee or agent has been indicted in Tarrant County for theft of said cattle.

We do not find that appellee sued defendant Rhoten upon a contract as alleged by appellant in his brief but we find

that he mentioned so much of the contract which would establish the cause of action for conversion of his property and such an action is one of tort rather than upon a contract. As stated in 8 Tex.Jur., p. 298, sec. 198, "In general, an action for conversion by a carrier may be maintained by the owner of the property at the time of its conversion." We find that appellee alleged and proved a cause of action against the resident defendant for conversion of his property in Tarrant County, Texas; he alleged that appellant purchased his cattle unlawfully and therefore appellant received no title to the cattle, which we find to be the law in this state (37 Tex.Jur., pp. 486 and 496), the familiar maxim caveat emptor also applies, which in substance means that it is the buyer's own fault if he is so negligent as not to ascertain the authority of the seller and he cannot therefore protect himself from liability to the true owner because the true owner can only be divested of his right or title to his property by his own act or by the operation of law. 37 Tex.Jur., p. 494, sec. 224.

It is also the law that "where different persons owe the same duty and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint and both may be held liable." 62 C.J., p. 1130, sec. 44. We find that both the appellant and the resident defendant are jointly and severally liable to appellee for the possession of his cattle and/or for their value in lieu thereof, according to the record before us.

We further find that the resident defendant is liable in trover for the acts of his agent within the scope of his authority and wrongfully converting property. In other words what the principal does through an agent he does himself, even though he may not be responsible for the criminal acts wherein the tort or trespass sprang from. Hazleton v. Holt, Tex.Civ. App., 285 S.W. 1115; Ward v. Odem, Tex. Civ.App., 153 S.W. 634; 42 Tex.Jur., p. 535, secs. 25-26; 2 Tex.Jur., p. 551; 29 Tex.Jur., p. 421.

It is also the law of our state that the conversion of personal property amounts to a trespass under subdivision 9 of Article 1995, R.C.S. Bowers v. Bryant-Link Co. et al., Tex.Com.App., 15 S.W.2d 598; Frankfurt v. Grayson, Tex.Civ.App., 80 S.W.2d 486; 42 Tex.Jur., p. 546, sec. 35.

Even though it is the general rule that any and all joint tort-feasors may be joined as parties defendant at the will of the plaintiff, yet under the record in this case we do not find it necessary to hold that appellant should be denied his privilege of being sued in the county of his residence under exception 9 or 29a of our venue statute, for the reason we find under the rule announced in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, that venue under the facts in this case will lie in Tarrant County. Under such rule as announced in said case supra, plaintiff need prove only a prima facie case against the resident defendant in order to retain venue as to the non resident defendant, providing he has alleged a joint cause of action against the two defendants or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and we are to only look to the pleading of the plaintiff and not the evidence in order to ascertain whether or not plaintiff has a joint cause of action against the defendants.

Having found that sufficient requirements as set out in the Stockyards National Bank case, supra, were complied with in the trial of this case, the judgment of the trial court is affirmed.