**ABNEY v. DE WALD.**

No. 2780.

Court of Civil Appeals of Texas. Eastland.
March 3, 1950.

Rehearing Denied March 24, 1950.

McWhorter, Howard, Cobb & Gibson, Lubbock, McMahon, Springer & Smart, Abilene, for appellant.

Carl M. Anderson, Sweetwater, R. W. Webb, Snyder, for appellee.

COLLINGS, Justice.

This appeal is from an order overruling a plea of privilege. Suit was filed in Scurry County by Jane Webb DeWald, joined by Effie Webb as next friend, against Tri-Service Drilling Company, a corporation, its alleged employee and agent, K. L. Fouch, W. O. Abney and his alleged employee and agent, Talmadge Bennett. Appellee Jane Webb DeWald sought damages for the death of her father and mother who were killed when their car collided with the rear end of a winch truck belonging to the Tri-Service Drilling Company parked on the main traveled portion of Highway No. 84. W. O. Abney filed a plea of privilege to be sued in Lubbock

County, the place of his residence. Appellee filed a controverting affidavit to such plea and alleged that Fouch was a resident of Scurry County and claimed venue of Abney in such county under Subdivision 4 of Article 1995, Revised Civil Statutes. Upon a trial before the court without a jury, judgment was entered overruling the plea of privilege and Abney brings this appeal.

The substance of appellant's contention in the several points urged is that the court erred in overruling the plea of privilege because (1) appellee failed to prove a cause of action against Fouch, the resident defendant of Scurry County, and (2) because the evidence introduced by appellee showed no joint action or community of legal responsibility on the part of defendants but instead, indicated that each defendant acted separately and for himself at the time of the alleged accident.

■ In order to establish venue of W. O. Abney in Scurry County under the provisions of Subdivision 4, it was necessary for appellee (1) to allege and prove that one of the defendants resided in Scurry County; (2) to plead a joint cause of action against the resident defendant (Fouch) and the nonresident defendant (Abney) or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and (3) to prove a bona fide cause of action against Fouch, the resident defendant.

The evidence is uncontradicted that Fouch resided in Scurry County.

Appellee's petition as plaintiff, which was incorporated into her controverting plea to appellant's plea of privilege, alleged that Talmadge Bennett was an employee of appellant W. O. Abney, and while in the course of such employment, parked a truck belonging to Abney on the main traveled portion of Highway No. 84 in Scurry County; that said truck was headed in a southerly direction; that at the same time, defendant K. L. Fouch, in the course of his employment for Tri-Service Drilling Company, parked a winch truck he was then operating on the main traveled portion of such highway headed in a northerly direction; that said trucks were parked in such position on the highway and proximity to each other that other vehicles using said highway could not safely pass between them and in such manner as to block the highway; that the two trucks were so parked on said highway for more than fifteen minutes during the period from one-half hour before sunset to one-half hour before sunrise without having any headlights, tail lights or other lights burning and without having any visible reflectors, and without having any warning signals upon said highway in either direction from said trucks; that such acts on the part of Fouch and Bennett were negligent acts on their part; that while the trucks were so stopped on the highway in the early morning hours of February 27, 1949, John B. DeWald and Zilpha DeWald, parents of appellee, were driving their Pontiac car in a northerly direction thereon in a prudent manner and on their own right-hand side of the road, and because of and as a proximate result of such acts of negligence on the part of Fouch and Bennett, drove their vehicle into the rear end of the winch truck in charge of Fouch and were thereby killed.

■ The allegations of appellee's petition, as above summarized, in our opinion, shows a joint cause of action against Fouch, the resident defendant and Abney, the nonresident defendant, or causes of action so closely connected that they may be joined under the rule intended to avoid a multiplicity of suits. There was only one collision alleged and according to appellee's pleadings the negligence of both Fouch, and Abney's agent and employee, Bennett, contributed to cause it, thereby bringing about the death of appellee's parents and the resulting damage to her.

Neither of the two witnesses called by appellee to testify concerning the position of the two trucks on the highway were eyewitnesses to the accident. Anderson

Davis, Jr., testified that on the night in question he made a trip from Snyder to Sweetwater, and returned. On the trip to Sweetwater, he noticed a truck in the ditch and "another truck close right beside it." Returning from Sweetwater to Snyder sometime between two and three o'clock in the morning, he testified that he passed the same two trucks. The winch truck which was identified as the truck in charge of K. L. Fouch, was headed north in the same direction that Anderson was traveling at that time; that about six to eight feet north of the winch truck the other truck was parked and it was headed south; that each truck was parked on its own right-hand side of the highway, mostly on the pavement and so parked on the highway that he had difficulty passing between them.

The other witness called by appellee on this question was Mr. Lloyd Meritt, Sheriff of Scurry County. He testified that he did not arrive at the scene of the accident until about four o'clock A.M.; that at about 3:40 o'clock A.M. he saw the ambulance leave its place of business in Snyder and followed it to the scene of the wreck; that the winch truck was in charge of K. L. Fouch; that it was parked on the east side of the pavement facing north; that the Pontiac automobile, in the front seat of which he found John B. DeWald and his wife dead, was immediately behind the winch truck; that it had struck the winch truck in the rear, killing both John B. DeWald and his wife; the tracks of the Pontiac as it approached the truck were on its right-hand side of the highway and the winch truck was parked in its path; that Fouch had pulled the other truck out of the bar ditch. Meritt further testified concerning the relative positions of the two trucks and the Pontiac automobile on the highway as follows:

"A. There was a winch truck—International winch truck—parked on the east side of the slab—facing north.

"Q. On the slab? A. Yes, sir, immediately behind this winch truck there—there was a two ton Pontiac car with the bodies of a lady and man in this car. Seventy feet on farther—on the opposite side of the slab there was a truck and tractor—grain truck parked there—facing in the opposite direction—or—facing south.

\*　　\*　　\*　　\*　　\*　　\*

"Q. How far apart were those two trucks with reference to the backs of the truck—how far apart were they? A. It was seventy steps—I didn't measure it with a tape—but I stepped it.

"Q. You step ordinarily about three feet? A. Yes.

"Q. Then according to your step measurement, these two trucks were on opposite sides of the highway each on its own side—that is—and were seventy steps, something over two hundred feet apart, is that right? A. Yes, sir.

"Q. In other words, the winch truck was about two hundred feet nearer Snyder than the grain truck? A. Yes, sir."

In our opinion the evidence shows a bona fide cause of action against Fouch, the resident defendant, in that the winch truck that he was in charge of was parked on the traveled portion of the highway at night under circumstances which justified a finding of negligence and that such negligence was a proximate cause of the death of the parents of Jane Webb DeWald.

Appellant urges that the evidence shows no joint action or community of legal responsibility on the part of defendants. In this connection, it is to be noted that the proof showed only one collision resulting in the death of appellee's parents; showed the truck which Fouch was in charge of was parked on the highway as alleged in appellee's petition and in such a manner as to justify a finding that the act of so parking the truck was negligence and a proximate cause of the collision. This cause of action proved against Fouch is not different from nor inconsistent with appellee's pleadings which alleged a joint cause of action against Fouch and Abney, or at least causes of action so intimately connected that the two may be joined under the rule intended to avoid a multiplicity of suits. It is not necessary to pass upon the question of whether the proof established the negligence alleged

against Abney's employee, Talmadge Bennett. Appellee was not required to prove such negligence but only to allege it in her petition. Since there was proof that Fouch was a resident of Scurry County, and an allegation of such joint or closely connected causes of action against the resident and nonresident defendants, and since the evidence shows a cause of action against Fouch as alleged in appellee's petition, it is our opinion that the plea of privilege was properly overruled by the trial court. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Lloyds' Casualty, Insurer, v. Goins et al., Tex.Civ.App., 212 S.W.2d 886; Adams v. Whatley, Tex.Civ.App., 213 S.W.2d 885; Wester v. Smith, Tex.Civ. App., 213 S.W.2d 550.

The judgment of the trial court is affirmed.