**WEDEGARTNER v. SKORUPPA et al.**

No. 12211.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1951.

Fischer, Wood, Burney & Glass, Corpus Christi, for appellant.

J. Marvin Ericson, Anderson & Ratliff, Corpus Christi, for appellees.

POPE, Justice.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Article 1995, § 4, Vernon's Ann. Civ. Stats.

Appellees, William Skoruppa, his wife and minor daughter, at the plea of privilege hearing alleged and proved that on the

moonless night of October 26, 1949, they were travelling along a public road in San Patricio County and approached a place where construction was in progress on a concrete bridge within an excavation. Because there were no barricades, flares, or other warning devices located at the approach to this structure to warn the public of the bridge and excavation, appellees drove into the excavation in the road and struck the incompleted concrete structure, which resulted in personal and property damages.

Suit was commenced against Heldenfels Brothers, a partnership, and also against J. F. Wedegartner, doing business as J. F. Wedegartner and Company, and was filed in Nueces County, which admittedly is the county of the residence and principal place of business of Heldenfels Brothers and all those composing the partnership. The other defendant, J. F. Wedegartner, admittedly is a resident of and has his principal place of business in San Patricio County, and he alone filed the plea of privilege which was overruled.

■ Article 1995, § 4, Vernon's Ann. Civ. Stats., authorizes a suit in the county where one of several defendants may reside. While the statute does not require that they be necessary parties, the cause of action asserted against the resident defendant must grow out of the same transaction and be so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Com.App.); Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (Com.App.); Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5; Texas & P. R. Co. v. Mangum, 68 Tex. 342, 4 S.W. 617; Abney v. DeWald, Tex.Civ.App., 228 S.W.2d 297; Means v. Marshall, Tex.Civ.App., 210 S.W.2d 605, 606; Page v. Patterson, Tex.Civ.App., 180 S.W.2d 660; Eppenauer v. Schrup, Tex. Civ.App., 121 S.W.2d 473; Padgett v. Lake Cisco Amusement Co., Tex.Civ.App., 54 S.W.2d 201.

■■ To hold the suit in Nueces County it was also incumbent upon the plaintiffs to prove a bona fide suit against Heldenfels Brothers, the resident defendants. As stated in McDonald, Texas Civil Practice, p. 342: "The plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide claim against the resident defendant, which must be the same claim asserted against him in the pleadings. This venue fact, not expressly required by the statute, has been added by judicial construction. It is based upon the sound proposition that the plaintiff should satisfy the court upon the venue hearing that he has not sought to defeat a defendant's plea of privilege by fraudulently joining a local defendant on fictitious allegations which he can not prove."

Appellant, Wedegartner, contends that the appellees failed to prove a bona fide cause of action against Heldenfels Brothers, the Nueces County residents. He argues, supported by the record, that Heldenfels Brothers exercised control over the bridge construction only, that they did not excavate the pit into which appellees drove, that there was no evidence proving that Heldenfels Brothers were the last ones to leave the job on the day of the accident, that there was no evidence that they actually performed any work on the bridge on the date of the accident, or that they had any authority or control over the approach to the bridge. It is also urged that the evidence failed to prove that warning devices were not actually placed by the defendants, but only that there were none present at the time of the accident. From these facts, appellant concludes that the Heldenfels Brothers were under no duty to maintain barricades or any other system of warning to the public; and that without a duty there could be no negligence by and no cause of action against Heldenfels Brothers. We are of the opinion that appellees adequately proved a cause of action against Heldenfels Brothers from other facts established at the trial.

The evidence shows that Heldenfels Brothers, the Nueces County residents, were engaged by San Patricio County only to

218

construct a concrete bridge and that Wcdegartner was engaged by San Patricio County only to make the excavations for the bridge construction and to back-fill after the bridge was completed. San Patricio County itself performed the work on and controlled the roadway approaching the bridge. Since the construction has not been completed the San Patricio County authorities had not accepted the construction work at the time of the accident.

■ A contractor performing construction work on a public highway is under a duty to exercise ordinary care to protect travelers who are rightfully using the highway and is guilty of negligence for failing to give warnings of danger which results in injury to the traveler. Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Mansfield Construction Co. v. Gersline, Tex.Com.App., 288 S.W. 1067; Eubanks v. Schwalbe, Tex.Civ.App., 55 S.W.2d 906; Overstreet v. McClelland, Tex.Civ.App., 13 S.W.2d 990.

■ Both the resident defendants and the nonresident defendant were independent contractors performing separate functions for the county at the same location on the county road. The former were building a bridge which obstructed the road, and the latter had dug a pit which obstructed the road. Appellees drove into the excavation and also ran against the bridge, causing the injuries for which they filed this suit. The bridge builders, just like any other person who erects an obstruction in a roadway, were under a duty to warn the public in connection with the obstruction they created and over which they had control. A like duty existed as to the contractor who excavated the pit across the highway over which function he had control. The duty is imposed upon the bridge builders even though there were no pit. It is imposed on the excavator, even though there were no bridge. Both created obstructions which impeded the free and safe travel along the public highway, and both were under a duty to warn the public of the danger each had created. Austin Road Company v. Pope, 147 Tex. 430, 216 S.W.2d 563; Buckner v.

Colwell, Tex.Civ.App., 131 S.W.2d 675; Gulf, C. & S. F. Ry. Co. v. Sandifer, 29 Tex. Civ.App. 356, 69 S.W. 461; 40 C.J.S., Highways, § 252.

The judgment is affirmed.