McCUISTION CONSTRUCTION COMPANY, Inc., et al., Appellants,

v.

A. B. BARFIELD, Appellee.

No. 7080.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 25, 1958.

Orgain, Bell & Tucker, Cleve Bachman, Beaumont, for appellants.

Bates, Cartwright, Miller, Gilley & Mc-Clure, Ralph K. Miller, James H. Wright, Houston, for appellee.

FANNING, Justice.

This is a plea of privilege case. A. B. Barfield, a resident of Harris County, Texas, filed suit in the District Court of Harris County, Texas, against McCuistion Construction Company, Inc., J. A. Droddy, and Meredith & Company, a corporation, seeking to recover damages for personal injuries which he sustained in an accident occurring in Jefferson County, Texas, when his leg was broken by a "kelly slide" (a piece of oilfield equipment) owned by Meredith & Company (a resident of Harris County, Texas), being moved by a dragline owned by McCuistion Construction Company (a resident of Jefferson County, Texas), and operated by its driver, J. A. Droddy (a resident of Orange County, Texas). Jointly assisting in the re-hooking of the kelly slide just prior to the time the hook at one end of the kelly slide slipped causing the slide to strike Barfield, were an employee of McCuistion and an employee of Meredith.

Droddy, a resident of Orange County, and McCuistion, a resident of Jefferson County, filed pleas of privilege. Plaintiff Barfield controverted same on the basis of Section 4 of Article 1995, Vernon's Ann. Civ.St. The pleas of privilege were overruled and Droddy and McCuistion have appealed.

In Lee v. Robinson, Tex.Civ.App., 282 S.W.2d 397, 399, wr. dis., it is stated:

"It is now well settled that in order to establish venue under sub-division 4 of Article 1995, the following facts must be alleged and proved:

"1. There must be two or more defendants.

"2. One or more of the defendants must reside in the county in which the suit is filed.

"3. One or more of the defendants must reside in another county.

"4. There must be a proper joinder; that is, those joined as defendants must all be proper parties to the suit.

"5. There must have been a cause of action alleged against both the resident and non-resident defendants.

"6. There must be proof of a valid cause of action against the resident defendant."

Elements 1 through 5 of the rule cited in Lee v. Robinson, supra, sufficiently appear in the record and are not challenged by appellants in their brief.

The issue before this court is whether or not the evidence is sufficient to support the implied finding by the trial court that appellee proved a cause of action against the resident defendant, Meredith & Company.

■ No findings of fact or conclusions of law were requested or filed by the trial judge. In Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114, it is stated:

"No findings of fact or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Appellee Barfield, an employee of Union City Transfer Company, was injured when a kelly slide was being lowered onto the bed of the float of appellee's employer where appellee was standing, and a hook at one end slipped, causing the kelly slide to strike appellee. Appellant Meredith & Company had engaged the transfer company to transport a drilling rig in Jefferson County, Texas, to a new location. Appellant McCuistion Construction Company and its dragline operator, appellant Droddy, and an oiler of McCuistion, were assisting in the moving of the kelly slide with the dragline onto the float of the transfer company.

The undisputed evidence shows that just prior to the time appellee was injured, the kelly slide had been re-hooked by two men, one of whom was the "swamper" or "dragline oiler" employed by McCuistion, and the other was a "roughneck" employed by Meredith & Company.

There was testimony from the witness Sumner to the effect that the side of the kelly slide had no hole or anything for the hook to fasten into, that the McCuistion (swamper) dragline oiler and the Meredith roughneck were working together, one on each end of the kelly slide, that each could see what the other was doing, being out there in the open, that there was nothing between the two men to prevent one from seeing the other, that the (swamper) dragline oiler and the roughneck were both in charge of and responsible for the method they used for hooking the chains onto the kelly slide, that after the kelly slide was re-hooked and was being swung over to the float no one made any outcry or warning about the way in which the kelly slide was being hooked, and that the only two men working with the chains just before the occurrence in question were the McCuistion (swamper) dragline oiler and the Meredith roughneck.

Appellee Barfield testified to the effect that the two men tying onto the kelly slide were the McCuistion dragline oiler

(swamper) and the Meredith roughneck, that the McCuistion dragline oiler attached the chain on the end of the kelly slide that slipped, that there was nothing to obstruct the vision between the oiler and the roughneck, that the method of simply placing the hook onto the side of an angle iron was an unusual practice, that the customary method was to bridle (wrap around) the chain, and that no one warned him that the chain was simply hooked onto the side of the angle iron. Appellee further testified as to the details of the manner of the accident and the nature of the personal injuries sustained by him.

The witness Luce, an employee of Meredith, and the driller in charge of the crew of roughnecks at the time of the occurrence in question, testified to the effect that it was the job and duty of his crew of Meredith roughnecks to take the dragline chains and tie onto the various pieces of equipment being loaded onto the float, and further, that the hook on the end of one chain was simply hooked onto the angle iron on the kelly slide and was not wrapped around or tied to the kelly slide just before the occurrence.

Admissions of fact were introduced in evidence which show that Mr. Luce and his crew of roughnecks were employees of Meredith & Company and were working within the course and scope of their employment on the occasion in question.

■ The evidence is amply sufficient to sustain an implied finding by the trial court that the roughneck employee of Meredith & Company (who was working within the course and scope of his employment) was guilty of actual negligence in failing to warn appellee Barfield of the manner in which the chains were hooked, which was one of the grounds of negligence pleaded by appellee. In this connection see the following authorities: 31 Tex.Jur. 364; Flack v. First National Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628.

The evidence is also amply sufficient to sustain implied findings of the trial court to the effect that it was the duty of the Meredith roughneck to tie the chains on the kelly slide, that the Meredith roughneck and the McCuistion dragline oiler were both engaged in the common enterprise of attaching the chains onto the kelly slide so that the dragline could lift it onto the float, and that under such circumstances, both employees, and their respective employers, were jointly and severally liable for the negligence of either of them, and that defendants were guilty of negligence in failing to safely secure the chains, in hooking the chains onto the side of the kelly slide, and in failing to wrap the chains around the kelly slide, which were grounds of negligence pleaded by appellee. In this connection see the following authorities: Burton v. Roberson, 139 Tex. 562, 164 S.W.2d 524, 143 A.L.R. 1; Adams v. Whatley, Tex.Civ.App., 213 S.W.2d 885; Nelson v. Fulkerson, Tex., 286 S.W.2d 129; Straffus v. Barcley, 147 Tex. 600, 219 S.W. 2d 65.

We hold that the evidence is amply sufficient to sustain implied findings of negligence by the trial court, both actual and imputed, on the part of the Meredith roughneck who was working within the course of his employment. The injury of appellee was undisputed and the implied findings of proximate cause are not challenged by appellants and are amply supported by the evidence.

We hold that the record amply supports the trial court's action in overruling the pleas of privilege in question.

The judgment of the trial court in all respects is affirmed.