**Dean WORD et al., Appellants,**

**v.**

**Margaret CLIFTON et al., Appellees.**

**No. 4472.**

Court of Civil Appeals of Texas.

Waco.

Feb. 3, 1966.

Rehearing Denied Feb. 24, 1966.

Touchstone, Bernays & Johnston, Charles C. Sorrells, Dallas, for appellant.

Dunnam & Dunnam, Waco, for appellee.

WILSON, Justice.

Defendants' position in this non-jury plea of privilege appeal is that there is no evidence or insufficient evidence to support implied findings of their negligence and of proximate cause in an automobile collision case under Subd. 9a of Art. 1995 Vernon's Ann.Civ.St. They are partners who were constructing a state highway under contract. The plea was overruled; we affirm.

Plaintiffs alleged defendants failed to erect warning signs informing travelers that two lanes of what was, or was to be a four-lane limited access highway where the collision occurred, which it is claimed would normally have been one-way lanes, were temporarily carrying two-way traffic. There is evidence to sustain the facts alleged. Defendants' argument is to the effect that it was the exclusive province of the State Highway Department to erect and maintain such signs, that the department had not required them to erect the signs under their contract, and they were under no duty to do so.

█ Both at common law, irrespective of the contract, and by the terms of their contract with the State, defendants had a duty to provide for the safety of the traveling public. Strakos v. Gehring, Tex.Sup., 360 S.W.2d 787, 795; Adams v. Corbin, Tex. Civ.App., 301 S.W.2d 209, 213, writ dism.; John F. Buckner & Sons v. Allen, Tex.Civ. App., 289 S.W.2d 387, 397; Wedegartner v. Skoruppa, Tex.Civ.App., 236 S.W.2d 216, 218; The Jarbet Company, Inc. v. Moore, Tex.Civ.App., 397 S.W.2d 268.

█ Whether the failure to erect the two-way traffic warning signs constituted a breach of such duty proximately causing the collision was a question of fact. In T. L. James & Co. v. Waldrep, Tex.Civ.App., 385 S.W.2d 866, 869 relied on by defendants,

there was evidence that signs reading "Two-Way Traffic Ahead" and "Form Single Lane" were actually erected. The case militates against their contention. The statute on which City of Austin v. Schmedes, 154 Tex. 416, 279 S.W.2d 326, 330, 52 A.L. R.2d 680, was decided, has been amended. Others cited are not factually analogous. The evidence sustains the implied findings.

Affirmed.