**REYNOLDS–LAND, INC., Appellant,**

v.

**James W. RALEIGH et ux., et al.,
Appellees.**

**No. 7923.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 26, 1968.

Rehearing Denied Dec. 17, 1968.

Howard Waldrop, Dale Edwards, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Bird Old, Mt. Pleasant, for appellant.

Smith, Johnson & McDowell, Sulphur Springs, Otto Ritter, Longview, Woodrow H. Edwards, Mt. Vernon, for appellees.

FANNING, Justice.

A venue case. This case, No. 7923 is a companion case to cases 7921 and 7922 on the docket of this Court. Appellant has appealed from the overruling of its pleas of privilege by the trial court in a non-jury hearing. Appellant's pleas of privilege were filed in litigation arising out of a two car collision which occurred in Camp County, Texas, on State Highway 271.

Three separate lawsuits were filed by the occupants of these two automobiles, each of which joined, as one of the defendants,

the appellant, Reynolds-Land, Inc. Appellant filed pleas of privilege to be sued in Smith County, Texas, the county of its residence and domicile. The pleas were duly controverted by all appellees relying upon Subdivisions 9a, 23 and 29a, of Art. 1995, Vernon's Ann.Tex.Civ.St., the venue statute.

There was a single hearing upon these pleas of privilege with the same evidence being offered by all of the appellees to maintain venue in Camp County. There are three separate appeals, as the suits were not consolidated, and there are three separate transcripts, although there is but one statement of facts.

Appellant, Reynolds-Land, Inc., was involved in constructing a new four-lane highway in Camp County, Texas on State Highway 271 where the two car collision occurred. The widow of Robert E. Hamilton, Hamilton being a driver of one of the cars, originally brought suit in the District Court of Camp County, Texas, against Reynolds-Land, Inc., and Jerry Seaton, driver of the other car involved in the collision (Case No. 7921 here). Seaton and wife filed a counter claim against Mrs. Hamilton, as administratrix of the estate of Robert E. Hamilton, Deceased, and also made Reynolds-Land, Inc., a co-defendant.

The other two suits involve the passengers in the Seaton car. Sue Newman, et vir sued Reynolds-Land, Inc. and Mary Hamilton in her representative capacity (Suit No. 7922 here). No counterclaims were involved in No. 7922.

This appeal (No. 7923) involves the suit where Raleigh and wife and Donald Caraway, passengers in the Seaton car, sued the same two defendants and no counterclaims are involved in it.

The head-on collision of the two cars in question occurred at night on Sept. 23, 1967, in Camp County, Texas, on State Highway 271 about one mile north of Pittsburg. Appellant, under contract with the State of Texas, was re-working 271 for 4.6 miles north of Pittsburg, widening 271 from a two-lane to a four-lane highway. A motorist going north on 271 from Pittsburg on the night of the collision would travel on a four-lane highway on 271 until he reached the south end of the highway construction area. Both north and south traffic in the construction area was limited to a 22 feet wide detour road located on the extreme east side of the highway. This east half had a dark asphalt cover and was darker in color than the west half which had been covered with a light colored pea gravel on Tuesday before the accident occurred on Saturday night. Appellant had previously painted double yellow stripes down the middle of this detour road but just previous to the collision appellant had covered one of the yellow stripes in places. There were no lights of any kind on the detour road.

There was testimony from Mr. Lott, appellant's job superintendent, to the effect, among other things, that as a northbound motorist was travelling the four-lane 271 north of Pittsburg and approaching the construction area he would first meet a square sign lettered "Observe Warning Signs" located on the right; the next sign was the same and was about 100 feet north of the first sign and also on his right; the third sign gave the price of the job and was about 100 feet north of the second sign; the fourth sign, about 100 feet north of the third sign, also on the right, was lighted and lettered "Slow".

There were two fence barricades between the fourth sign and the place of the collision in question. The first barricade was on the northbound motorist's left, about four feet off the left lane of the detour road and contained a "Slow" sign and an arrow pointing east toward the detour road. The second barricade was about 100 feet further north and situated as the first and carried the identical signs. The last sign was almost opposite the last barricade and it was a 40 m. p. h. speed sign. Mr. Lott

estimated it was about 1500 feet north of this sign that the collision in question occurred.

The signs at the north end of the construction area were identical with those at the south and were exactly the same on the afternoon of the collision as they were on Sunday following the Saturday night collision.

*There was no sign warning a northbound motorist who had been travelling on a four-lane highway that he was about to enter a two-lane road and to face two-way traffic or that he was to merge into a single lane on the right of the detour road.*

Mr. Robert E. Hamilton was driving his automobile north from Pittsburg on 271 toward the construction area with his wife and infant son as passengers. Jerry Seaton was driving his automobile southbound on the detour road containing his various passengers. There was also testimony to the effect that Seaton continuously traveled on his right hand side of this road and was still on this side of the road when the Hamilton car crossed over the east side of the road, his left, directly in front of the Seaton car where the collision quickly occurred.

Mr. Hamilton died as a result of this accident. All other occupants of the two automobiles, with the exception of Mrs. Hamilton, sustained personal injuries as a result of such collision.

Among the allegations of negligence on the part of appellant, alleged to be proximate causes of the collision and damages in question, were, in effect, as follows: failure to post a sign warning the northbound motorist of two way traffic ahead; failure to post a sign warning the northbound motorist to travel only on the east side of the detour road; failure to post a sign directing the northbound motorist to merge into a single lane of traffic; and failure to properly light the area, particularly the approach of a northbound motorist to the southern end of the construction.

The trial court overruled appellant's pleas without making findings of fact or conclusions of law which is proper. Rule 385(e), Texas Rules of Civil Procedure.

Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3-B, Tex.Jur., Sec. 873, p. 278; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929.

In Buchanan et ux v. Rose, 138 Tex. 390, 159 S.W.2d 109, it was held that if one creates a dangerous situation along a public way and it reasonably appears that another, in the lawful use of such way, may be injured by the dangerous condition so created, the one creating the situation must give warning of the danger or be responsible for the consequences resulting therefrom. Also in this connection see Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; John F. Buckner & Sons v. Allen, Tex.Civ.App., 289 S.W.2d 387; Page v. Scaramozi, Tex.Civ.App., 288 S.W.2d 909, wr. ref., n. r. e.

Of course the issues of negligence and proximate cause can be proved by circumstantial evidence. Big Three Welding Equipment Company v. Reeh, Tex.Civ.App., 301 S.W.2d 504.

With respect to the issue of appellant's failure to post a two-way traffic ahead sign at the south entrance of the construction area, and as well the matter of the State Highway Department's control over the signs, appellees rely heavily upon Word v. Clifton, Tex.Civ.App., 399 S.W.2d 424, no writ, as being closely in point. We think Word v. Clifton, supra, and the authorities therein cited, sustain appellees' contention that the trial court properly overruled the pleas of privilege in question here and that venue in the cases at bar were properly maintainable in Camp County, Texas, under

Subd. 9a of Art. 1995, V.A.T.C.S. We quote from Word v. Clifton, supra, as follows:

"Defendants' position in this non-jury plea of privilege appeal is that there is no evidence or insufficient evidence to support implied findngs of their negligence and of proximate cause in an automobile collision case under Subd. 9a of Art. 1995 Vernon's Ann.Civ.St. They are partners who were constructing a state highway under contract. The plea was overruled; we affirm.

"Plaintiffs alleged defendants failed to erect warning signs informing travelers that two lanes of what was, or was to be a four-lane limited access highway where the collision occurred, which it is claimed would normally have been one-way lanes, were temporarily carrying two-way traffic. There is evidence to sustain the facts alleged. Defendants' argument is to the effect that it was the exclusive province of the State Highway Department to erect and maintain such signs, that the department had not required them to erect the signs under their contract, and they were under no duty to do so.

"Both at common law, irrespective of the contract, and by the terms of their contract with the State, defendants had a duty to provide for the safety of the traveling public. Strakos v. Gehring, Tex.Sup., 360 S.W.2d 787, 795; Adams v. Corbin, Tex.Civ.App., 301 S.W.2d 209, 213, writ dism.; John F. Buckner & Sons v. Allen, Tex.Civ.App., 289 S.W.2d 387, 397; Wedegartner v. Skoruppa, Tex.Civ. App., 236 S.W.2d 216, 218. The Jarbet Company, Inc., v. Moore, Tex.Civ.App., 397 S.W.2d 268.

"Whether the failure to erect the two-way traffic warning signs constituted a breach of such duty proximately causing the collision was a question of fact. In T. L. James & Co. v. Waldrep, Tex.Civ. App., 385 S.W.2d 866, 869 relied on by defendants, there was evidence that signs reading 'Two-Way Traffic Ahead' and 'Form Single Lane' were actually erected. The case militates against their contention. The statute on which City of Austin v. Schmedes, 154 Tex. 416, 279 S.W. 2d 326, 330, 52 A.L.R.2d 680, was decided, has been amended. Others cited are not factually analogous. The evidence sustains the implied findings."

 We hold that under the record in this case there was ample evidence of probative force and that the same was sufficient to support the trial court's implied findings of negligence and proximate cause, that such implied findings were not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, and that under the record in this case venue was properly maintainable in Camp County, Texas, under Subd. 9a, Art. 1995, V.A.T.C.S.

The judgment of the trial court in this cause (No. 7923) is affirmed.