**ROSS ANGLIN AND SON et al., Appellants,**

v.

**Artie Ellen BRENNAN et vir., Appellees.**

**No. 11818.**

Court of Civil Appeals of Texas, Austin.

April 28, 1971.

Naman, Howell, Smith & Chase, Louis S. Muldrow, Waco, for appellants.

Benjamin J. Cuba, Temple, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellants' plea of privilege and pertains to Article 1995, Section 9a, Vernon's Ann. Civ.St.

Appellees, Artie Ellen Brennan and husband D. L. Brennan sued appellants, Ross Anglin & Son and W. J. Seldon, in the District Court of Bell County for injuries allegedly received by Mrs. Brennan resulting from a fall into an excavation on appellants' construction site along Interstate 35 in Temple.

Appellants filed respective pleas of privilege to be sued in Travis and Bexar counties. Appellees filed a controverting affidavit asserting that the District Court of Bell County had venue under Section 9a,

Article 1995, V.A.C.S., alleging that appellants' negligent conduct proximately caused appellee's damages in Bell County. After a hearing without a jury the court overruled the pleas of privilege. No findings of fact or conclusions of law were requested or filed.

We affirm the judgment.

Appellants present four points of error, three of which maintain that inasmuch as the conditions in Interstate 35 were open and obvious, as a matter of law, appellants owed no duty to Mrs. Brennan. The fourth point asserts that there was no evidence that appellant Seldon was guilty of any negligence and "no evidence of his liability or responsibility" with respect to Mrs. Brennan.

Mrs. Brennan's fall occurred on Christmas night, 1967 at about 8:30 or 9:00 while she was walking across Interstate 35 and stepped into an excavation on an esplanade separating the north lane of traffic from the north service road. At that time she was an employee of the Dairy Grill, a drive-in restaurant located on Interstate 35 in Temple. She was crossing the Interstate to a bowling alley to obtain some change for use by the drive-in in its business.

Mrs. Brennan had been working for about four days at the drive-in and had not walked across the Interstate. At this time the appellants were engaged in highway construction work on Interstate 35 in front of the drive-in and the bowling alley. All of the highway lighting had been removed because of the construction, and although it was not dark, it was dim. Apparently the businesses on both sides of the highway afforded some light.

Interstate 35 consisted of north and south bound lanes divided by an esplanade. Also, there were north and south bound service roads, each separated from the main lanes by an esplanade. Before her fall, Mrs. Brennan crossed over the south service road and its esplanade; the north and south bound lanes and their dividing espla-

nade. In crossing, she waited for some traffic and she ran across the main lanes. Just prior to her fall she was stepping or jumping up onto the esplanade dividing the south service road from the main north bound lanes. Unknown to her, the earth had been removed from that esplanade by appellants' work force and she fell into the excavation. She looked to see what she was stepping up on and could not see anything, but thought that it was an "island." She admitted that if she had stopped and looked before she had jumped up on the curb, she would not have done so.

There were no barricades or warning devices in the immediate area of the excavated esplanade and there was no indication that the earth had been excavated since it had been hauled away.

Appellants' contract with the State provided in part that the contractor should, in the prosecution of the work on Interstate 35, place and maintain barricades and warning signs at locations in the construction project. The contract further provided that those barricades and warning signs remaining at night should be lighted. Finally, it was provided that the contractor might provide special signs not covered by the plans to protect the traveling public against special conditions or hazards.

Contractors performing work on a public highway have a duty to exercise ordinary care to protect travelers who are rightfully using the highway. Wedegartner v. Skoruppa, 236 S.W.2d 216 (Tex.Civ.App., 1951, no writ), Strakos v. Gehring, 360 S.W. 2d 787 (Tex.1962).

Appellants rely primarily on Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963) and its progeny as authority for their position that because of the open and obvious conditions of Interstate, they owed no duty to Mrs. Brennan. In Halepeska the Court limited its "no duty" discussion to occupiers of premises and their invitees or business guests. Although we are not convinced that Halepeska is appli-

cable since Mrs. Brennan is not an invitee or business guest of appellants, appellants have cast their appeal upon those principles and assuming, but not deciding, that Halepeska is controlling, we believe that appellants have not made a case under Halepeska.

In discussing the "no duty" doctrine the Court in Halepeska said,

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. Smith v. Henger, 148 Tex. 456, 226 S.W. 2d 425, 20 A.L.R.2d 853 (1950); Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962). His duty is to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a *duty* to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. This is so, the cases say, because there is 'no duty' to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof." (Emphasis supplied).

■ The court could have well concluded that under the facts the excavation into which Mrs. Brennan fell was not open and obvious. It was night and the street lighting had been removed. Although not dark, the lighting was described as dim. There was no earth piled about to give an indication of an excavation nor were there any barricades or signs warning of its presence. Mrs. Brennan did not know that the esplanade had been excavated. In fact, this was the first time she had walked across the Interstate since she had been working only four days at the drive-in. In addition, she had already crossed the two esplanades prior to jumping onto what she thought was but another esplanade. Under these facts, the appellants owed Mrs. Brennan a duty of ordinary care to warn of the presence of the excavation since she did not know of the excavation and its presence under the facts was not so open and obvious so as to charge her with knowledge and appreciation thereof.

■ Appellants' argument that Mrs. Brennan admitted that had she stopped and looked before she had stepped up on the curb may bear on lookout which is a defensive issue not considered in the determination of plea of privilege cases.

■ We overrule appellants' fourth point which claims that there had been no showing of any duty, breach or negligent act on the part of appellant Seldon. Seldon signed the construction contract together with Ross Anglin, Jr. for Ross Anglin & Son. The testimony was that if Ross Anglin & Son were unable to complete the job, Seldon would. Anglin testified further that Seldon was "bound" by the contract in the same way as he was, and Seldon's obligation was to "stand behind" Anglin and to assure the Highway Department that the job would be completed. Anglin testified that Seldon would bid jobs from time to time with Anglin & Son as "joint ventures."

The court could have concluded under the evidence that appellants on the Interstate job were acting as joint adventurers, and, as such, appellant Seldon owed the same duty to Mrs. Brennan as did appellant Anglin. That Anglin was in charge of the job is not controlling. Tex-Jersey Oil Corporation v. Beck, 292 S.W.2d 803 (Tex. Civ.App. 1956) reversed on other grounds 157 Tex. 541, 305 S.W.2d 162 (1957).

From the evidence, the court could have reasonably concluded that Mrs. Brennan was not warned of the presence of the excavation, that such was negligence and a proximate cause of her injuries.

The judgment is affirmed.