JALCO, INC., Appellant,

v.

Dora RODRIGUEZ, et al., Appellees.

No. 6014.

Court of Civil Appeals of Texas, Waco.

Feb. 15, 1979.

Rehearing Denied March 29, 1979.

Ervin A. Apffel, Jr. and William C. Ferebee, McLeod, Alexander, Powel & Apffel, Inc., Galveston, for appellant.

Don R. Riddle, Riddle, Murphrey, O'Quinn & Cannon, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Jalco, from judgment against it, in a suit to recover damages for personal injuries resulting from an automobile accident.

Plaintiffs Dora and Cynthia Rodriguez sued defendant Jalco, Inc., alleging plaintiffs were injured on November 9, 1974 when the automobile in which they were riding was driven into an uncovered manhole in the middle of Heard's Lane in the City of Galveston; that plaintiffs received serious and permanently disabling injuries; that the incident was proximately caused by the failure of defendant to exercise ordinary care under the circumstances.

Defendant answered by general denial; that the driver of the vehicle was negligent; and that if anyone were negligent it was third parties unknown to defendant.

The trial was to a jury which found:
1) The open manhole on Heard's Lane near 71st Street on Saturday, November 9, 1974, constituted a dangerous condition.

2) That the failure of Jalco, Inc., through its employees to discover and correct said condition was negligence.

3) That such failure was a proximate cause of the accident.

4) Failed to find that Barry Busse's failure to inspect the Heard's Lane project on the afternoon of November 9, 1974 was negligence.

5) That plaintiff Dora Rodriguez was negligent in failing to keep a proper lookout.

6) That such failure was a proximate cause of the accident.

10) That the percentage of negligence attributable to Dora Rodriguez was 30%; and to Jalco, Inc. 70%.

11), (12), (13), (14) That Dora Rodriguez was damaged $75,000. and Cynthia Rodriguez was damaged $70,000. (plus $3,000. medical expenses and $1,000. future medical expenses for Dora; and $5,600. medical expenses for Cynthia).

The trial court rendered judgment on the verdict for Dora Rodriguez for $55,300. and for Cynthia Rodriguez for $75,600.

Defendant Jalco appeals principally contending:

1) There is no evidence to warrant the jury's affirmative finding to Issue 2.

2) There is insufficient evidence to warrant the jury's affirmative finding to Issue 2.

3) The jury's finding to Issue 2 is against the great weight and preponderance of the evidence.

Plaintiffs were injured when their automobile fell into a manhole that was uncovered in the middle of a public street in Galveston at 9 P.M. on November 9, 1974. Dora was driving; Cynthia was a passenger; the street was in a construction area but was open for public use. Defendant was the construction contractor. Plaintiffs were given no warning of the hole.

Defendant dug the hole; it was in a construction area controlled by defendant; the hole was uncovered for at least 12 hours prior to the accident. Defendant recognized the importance of having a watchman in the area overseeing the safety of the project, but none was on duty for at least 12 hours prior to the accident. The defendant's contract with the city called for defendant to maintain safety precautions. There were no barricades or warning signs that a west bound motorist was going into a construction area. While the street was open to traffic prior to November 9, 1974, defendant had not completed its construction contract, and the hole was in a construction area under the control of defendant.

The jury found that the open manhole constituted a dangerous condition. Defendant though in charge of the area did not discover the situation, and defendant was under a duty to keep the area safe, or warn of unsafe conditions.

The law places a duty to warn of a dangerous condition on a public highway upon one who creates such conditions or who is in control of the area and permits such conditions to persist. Anyone working upon or using a highway is under a duty to refrain from creating conditions which are dangerous to other persons using same, or to warn of dangerous conditions should the same be created. *Strakos v. Gehring*, Tex., 360 S.W.2d 787; *Word v. Clifton*, Tex.Civ. App. (Waco) NWH, 399 S.W.2d 424; *Sproles v. Sharp Hardware, Inc.*, Tex.Civ. App. (Dallas) NRE, 419 S.W.2d 680; *Anglin & Son v. Brennan*, Tex.Civ.App. (Austin) NWH, 466 S.W.2d 832; *Seldon v. Green*, Tex.Civ.App. (Tyler) NWH, 498 S.W.2d 285.

The evidence is ample to sustain the jury's answer to Issue 2, and such is not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 566, 244 S.W.2d 660.

All defendant's points are overruled.

AFFIRMED.